UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TREMONT SECURITIES LAW, ) <br> STATE LAW AND INSURANCE ) <br> LITIGATION ) <br> ) <br> This Document Relates to: ) <br> Insurance Action No. 09 Civ. 557 ) <br> ) <br> _____) | Case No. 08-cv-11117(TPG) <br><br> Hon. Thomas P. Griesa <br><br> Dated: August 7, 2009 |

**DEFENDANTS' NEW YORK LIFE INSURANCE COMPANY'S AND
NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION'S
<u>REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS</u>**


JORDEN BURT LLP
Jeffrey L. Williams
Thomas J. Finn (TF7078)
Ben V. Seessel
175 Powder Forest Drive, Suite 301
Simsbury, Connecticut 06089-9658
Telephone:   (860) 392-5000
Facsimile:    (860) 392-5058


Attorneys for Defendants
New York Life Insurance Company
and New York Life Insurance and
Annuity Corporation

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................. ii

I.     Plaintiff Fails To Address The Glaring Deficiencies In The Complaint ............................1

II.    Plaintiff Fails To State A Claim For Fraud..........................................................................2

       A.  Plaintiff Fails To Identify Any Misrepresentation Alleged In The Complaint..............2

       B.  Plaintiff Fails To Show That The Complaint Adequately Pleads Scienter ....................3

III.   Plaintiff Fails To State A Claim For Negligent Misrepresentation. ....................................6

IV.   Plaintiff Fails To State A Claim For Breach Of Fiduciary Duty. ........................................7

V.    Plaintiff Fails To State A Claim For Unjust Enrichment Or For Breach
       Of The Covenant Of Good Faith And Fair Dealing. ............................................................8

VI.   To The Extent That Plaintiff's Negligent Misrepresentation And Breach
       Of Fiduciary Duty Claims Do Not Sound In Fraud, They Are Time-Barred ......................8

VII.  All Of Plaintiff's Claims, Except Fraud, Are Preempted By The Martin Act.....................9

VIII. CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

FEDERAL CASES

*Aschroft v. Iqbal,* 129 S.Ct. 1937 (2009) ...................................................................................6

*Castellano v. Young & Rubicam, Inc.*, 257 F.3d 171 (2d Cir. 2001)...............................................9

*Granite Partners, L.P. v. Bear Stearns & Co.*, 17 F. Supp. 2d 275 (2d Cir. 1998)....................9, 10

*Hart v. Internet Wire, Inc.*, 50 Fed. App'x 464 (2d Cir. 2002) .......................................................5

*Heller v. Goldin Restructuring Fund, LLP*, 590 F. Supp. 2d 603 (S.D.N.Y. 2008) ........................9

*Kalnit v. Eichler*, 264 F.3d 131 (2d Cir. 2001) ...............................................................................5

*McDonnell v. Allstate Life Ins. Co.*, No. Civ. 3076, 2004 WL 2392169
 (N.D. Ill. Oct. 25, 2004)..............................................................................................................7, 8

*Nanopierce Techs., Inc. v. Southridge Capital Mgmt., LLC*, No. 02 Civ. 0767,
 2003 WL 22052894 (S.D.N.Y. Sept. 2, 2003)............................................................................9, 10

*Scone Invs., L.P. v. Am. Third Market Corp.*, No. 97-cv-3802, 1998 WL 205338
 (S.D.N.Y. April 28, 1998) ...............................................................................................................4

*Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120, 2005 WL 1902780
 (S.D.N.Y. Aug. 9, 2005)..................................................................................................................9

*South Cherry Street, LLC v. Hennessee Group*, LLC, 2006 CV 2943,
 2009 WL 2032133 (2d Cir. Jul. 14, 2009)..........................................................................3, 4, 5, 6

*Wright v. Ernst & Young, LLP*, 152 F.3d 169 (2d Cir. 1998)........................................................2

STATE CASES

*Friedman v. Anderson*, 23 A.D.3d 163 (N.Y. App. Div. 2005) .....................................................4

*Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship*, 906 N.E. 2d 1049 (N.Y. 2009) .......................10

*Murphy v. Kuhn,* 682 N.E.2d 972 (N.Y. 1997)...............................................................................7

*Ore Int'l, LLC v. 822 McDonald Ave., LLC,* No. 31287/08, 2009 WL 1912278,
 (N.Y. Sup. Ct. July 2, 2009) ............................................................................................................5

*Schulman v. Greenwich Associates, LLC,* 859 N.Y.S.2d 421 (N.Y. App. Div. 2008) ....................3

*Technical Support Services, Inc. v. Int'l Bus. Machines Corp.,* 856 N.Y.S. 2d 26
(N.Y. Sup. Ct. 2007) ............................................................................................................6


OTHER AUTHORITIES

N.Y. Gen. Bus. Law s. 352-c(1) (McKinney 1996).........................................................................9

**I.     Plaintiff Fails To Address The Glaring Deficiencies In The Complaint.**

Instead of addressing the glaring defects in the Complaint, Plaintiff attempts to construct an entirely new complaint in his Memorandum of Law in Opposition to the Motion to Dismiss filed by Defendants New York Life Insurance Company ("New York Life") and New York Life Insurance and Annuity Corporation ("NYLIAC") (hereafter the "Opposition" or "Opp.").[1]  In this regard, Plaintiff alleges, for the first time, in his Opposition that: NYLIAC "promised to notify Plaintiff of material changes in the Subaccount's underlying portfolios" (Opposition at 1, 8, 17); NYLIAC is responsible for alleged misstatements in the Tremont PPM (*id.* at 5-6); NYLIAC's account statements "misrepresented" Plaintiff's account balance and thereby "fraudulently induced" Plaintiff to "hold" his investments (*id.* at 11); NYLIAC "funneled Plaintiff's investment to a Ponzi scheme" (*id.* at 14); NYLIAC's "role in managing the Subaccount was akin to that of a securities broker" (*id.* at 17); there was an extra-contractual "mistake of fact" (*id.* at 18); NYLIAC engaged in "negligent management of the Subaccount," "failed to comply with its own procedures," acted "arbitrarily and irrationally," and "grossly abused its discretion" in "managing the subaccounts" (*id.* at 14, 17, 19); NYLIAC had the exclusive right to select investments for policy subaccounts and had "an additional array of rights by which it purported to maintain the separate accounts" (*id.* at 4-5, 17); NYLIAC "represented that Plaintiff's Subaccount would invest in managed portfolios of underlying securities," and that Plaintiff "relied on these representations" (*id.* at 1, 8, 10).  None of these "allegations" are in the Complaint.

---

[1]     As an initial matter, Plaintiff does not contest that NYLIAC, not New York Life, issued Plaintiff's policy and that Plaintiff has no basis to allege claims against New York Life.  *See* Defendants' New York Life Insurance Company's and New York Life Insurance and Annuity Corporation's Memorandum of Law in Support of Motion to Dismiss (hereafter the "Opening Brief" or "Opening Br.") at 2 n. 1.

1

Moreover, apparently to mask the deficiencies in the Complaint, the Opposition "cites" to purported "allegations" that do not exist in the Complaint. *See, e.g.*, Opposition at 17-18 (Plaintiff contends that Complaint ¶ 118 alleges that New York Life's breach of fiduciary duty "proximately damaged Plaintiff," but ¶ 118 of the Complaint is part of Count V and is directed to the co-defendants only, and not to NYLIAC).[2]

It is axiomatic that allegations made for the first time in Plaintiff's Opposition cannot be used to amend the Complaint or otherwise cure the deficiencies in the Complaint. *See e.g., Wright v. Ernst & Young, LLP,* 152 F.3d 169, 178 (2d Cir. 1998) ("a party is not entitled to amend its complaint through statements made in motion papers"). Therefore, the Court should disregard these new allegations for purposes of deciding NYLIAC's motion to dismiss. But even if the Court were to consider them, they would still fail to state a claim.

## II. Plaintiff Fails To State A Claim For Fraud.

### A. Plaintiff Fails To Identify Any Misrepresentations Alleged In The Complaint.

As NYLIAC observed in its Opening Brief, the Complaint fails to point to any actionable misrepresentation made by NYLIAC. In response, Plaintiff argues that Defendants "selectively quote from the Complaint in an attempt to avoid confronting Plaintiff's central and specific allegation of fraud: that New York Life portrayed Plaintiff's investment as legitimate, despite undertaking absolutely no due diligence in the face of gross irregularities that, because they were known to other similarly situated financial institutions, were *most likely* known to New York Life." Opposition at 3 (emphasis added). In support of this assertion Plaintiff refers the Court to

---

[2] Paragraph 118 of the Complaint alleges that "Plaintiff suffered damages proximately caused by Tremont, Oppenheimer, and MassMutual aiding and abetting breaches of fiduciary duty by the Tremont Fund, Rye, and the Rye Funds in an amount to be proven at trial." Also *compare* Opposition at 8 with Complaint ¶ 41, Opposition at 9 with Complaint ¶ 90, Opposition at 11 with Complaint ¶¶ 36-37, Opposition at 12 with Complaint ¶ 96, and Opposition at 15 with Complaint ¶¶ 38, 40, 61, 96.

2

paragraphs 50-59 of the Complaint. Opposition at 3. But those paragraphs contain no allegations that NYLIAC made any misrepresentations. Indeed, there is no allegation in the Complaint, nor could there be, that NYLIAC made any affirmative misrepresentation regarding the Tremont Fund.[3] Thus, Plaintiff has failed to allege the first element of a fraud claim – an actionable misrepresentation by NYLIAC.[4]

B.  **Plaintiff Fails To Show That The Complaint Adequately Pleads Scienter.**

The Complaint also fails to allege that NYLIAC acted with the requisite intent to establish fraud. The Second Circuit recently held that a Complaint alleging less than intentional fraud must plead "a strong showing of reckless disregard for the truth." *See South Cherry Street, LLC v. Hennessee Group, LLC,* 2006 CV 2943, 2009 WL 2032133, at *10 (2d Cir. Jul. 14, 2009). "By reckless disregard for the truth, we mean "conscious recklessness – *i.e.,* a state of mind *approximating actual intent, and not merely a heightened form of negligence*." *Id.* (citation omitted, emphasis in original).[5]

---

[3] On the contrary, Plaintiff was specifically advised that Tremont, as the general partner, was solely responsible for "allocating assets among Managers and monitoring the Partnership's investments," and that NYLIAC, as a limited partner, "cannot take part in the management or control of the Partnership's business." *See* Opening Br. p. 9. Plaintiff's own Complaint undermines his argument that NYLIAC, as a limited partner, had a duty to monitor Tremont's investments with Madoff. *See, e.g.*, Compl. ¶ 44 ("Tremont, as the manager and general partner of the Tremont and Rye Funds, utterly failed to supervise, monitor, and manage the investment of those funds.").

[4] Plaintiff also complains for the first time that NYLIAC promised to notify him of material changes in the investment accounts. Opp. at 5. This allegation is not in the Complaint, and even if it were, it would not be sufficient to state a claim. A promise to do something in the future cannot form the basis of a fraud claim unless it was made with the intent not to perform, which cannot be shown here. *Schulman v. Greenwich Associates, LLC,* 859 N.Y.S.2d 421 (N.Y. App. Div. 2008). Plaintiff is also quoting out of context. *See* Policy at 16, where the changes listed concern establishing new subaccounts, closing subaccounts and similar subaccount changes.

[5] Although Plaintiff faults Defendants for relying on federal cases interpreting securities fraud claims; Opposition at 6. fn. 6; Plaintiff himself relies on federal cases*.* Opposition at 6-8. In addition, dismissal in *South Cherry* was based not only on the heightened pleading requirements under the PSLRA, but on the basic pleading requirements of Rule 8, which applies to all types of claims. *See South Cherry* at *5, *11. Moreover, there is no dispute that the heightened pleading requirements of Rule 9(b) apply to

3

In *South Cherry,* the plaintiff alleged that its investment advisor, Hennessee Group, committed fraud by recommending that it invest in Bayou Accredited hedge fund, which was a Ponzi scheme. Hennessee allegedly represented to South Cherry that it had undertaken a "rigorous five step due diligence process" with respect to its recommendation, and allegedly had promised to "perform on-going due diligence" on South Cherry's investments. *Id.* at *2. Notwithstanding these allegations, the Second Circuit affirmed the District Court's order granting Hennessee's Rule 12(b)(6) motion to dismiss the fraud claim for failing to adequately plead scienter. The court held that South Cherry had failed to allege any fact known to Hennessee "that either made the falsity of any of the Bayou funds' representations obvious or that should have alerted [defendant] that the Bayou funds' representations were dubious." *Id.* at *13.

If dismissal was warranted in *South Cherry*, where the defendant specifically recommended investment in a hedge fund that turned out to be a Ponzi scheme after having also represented that it conducted detailed due diligence with respect to that hedge fund, then it is certainly warranted here, where NYLIAC made no such recommendation, did not represent that it had conducted a certain level of due diligence regarding Tremont or its underlying investments, and where Tremont itself was not operating a Ponzi scheme.

In his Opposition, Plaintiff makes scatter-shot "allegations" in an attempt to adequately "plead" scienter. Even if the arguments made in Plaintiff's Opposition could be considered as

---

allegations of common law fraud and that "[t]he elements of common law fraud are essentially the same as those which must be pleaded to establish a claim under § 10(b) and Rule 10b-5." *Scone Invs., L.P. v. Am. Third Market Corp.,* No. 97-cv-3802, 1998 WL 205338, at *10 (S.D.N.Y. Apr. 28, 1998) (citation omitted); *see also Friedman v. Anderson*, 23 A.D.3d 163, 166 (N.Y. App. Div. 2005) ("a plaintiff seeking to recover for fraud and misrepresentation is required to set forth specific and detailed factual allegations that the defendant personally participated in, or had knowledge of any alleged fraud") (citation and internal quotations omitted).

4

"allegations," however, Plaintiff's claim fails because he has not alleged -- and cannot allege -- that NYLIAC "knew" that the Madoff was operating a Ponzi scheme.[6] Similarly, there is no allegation that Tremont was not a legitimate hedge fund. At most, Plaintiff can point to purported "red flags" regarding Madoff which is plainly not enough to allege the scienter element of his fraud claim.[7]

Although nowhere alleged in the Complaint, Plaintiff now argues that NYLIAC fraudulently induced him to continue his investment by providing statements that "seriously misrepresented Plaintiff's balance in the Tremont Fund." In *South Cherry*, plaintiff alleged that Hennessee sent monthly account statements regarding plaintiff's investment in Bayou that "were all false, showing profits where there were instead large losses." *South Cherry,* 2009 WL 2032133, at *3. The Second Circuit held, however, that these allegations did not create a "strong inference that [Hennessee] had a state of mind approximating actual intent either to relay false or misleading information about Bayou . . . or to aid in the fraud being perpetrated" *Id.* at *13.[8] As in *South Cherry,* there is no allegation in the Complaint (or in the Opposition) that NYLIAC knew that the fund values provided by Tremont were false. Additionally, the Tremont PPM

---

[6] Even assuming, for the sake of argument, that NYLIAC knew that the Rye funds were investing with Madoff.

[7] As the *South Cherry* court noted, "there are limits to the scope of liability for failure adequately to monitor the allegedly fraudulent behavior of others." 2009 WL 2032133, at *11. *See also Hart v. Internet Wire, Inc.,* 50 Fed. App'x 464, 466 (2d Cir. 2002) ("plaintiffs have failed adequately to plead § 10(b) scienter in alleging that defendants recklessly ignored or failed to investigate 'red flags'"); *Kalnit v. Eichler,* 264 F.3d 131, 142 (2d Cir. 2001) ("reckless conduct . . . is at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it") (citation omitted).

[8] *See also Ore Int'l, LLC v. 822 McDonald Ave., LLC,* No. 31287/08, 2009 WL 1912278, at *5 (N.Y. Sup. Ct. July 2, 2009) (dismissing, for lack of scienter, fraud claim against seller of property who provided false report prepared by another regarding the existence of asbestos at the property).

advised Plaintiff that valuations of the fund were "based on the best judgment of the General Partner" and "are binding on the Limited Partners." Tremont PPM at 29. There is absolutely no basis to conclude that NYLIAC, in passing those values on to plaintiff, was acting with the requisite scienter.

Plaintiff further argues, as a purported "motive" for the "fraud" allegedly committed by NYLIAC, that because NYLIAC was "loath to forgo the fees generated by its variable insurance products . . . [it] turned a blind eye" and "became complicit in the highly suspicious . . . .operations of Madoff, the Tremont Group, and the Tremont Fund." Opp. at 1-2. A similar argument was rejected by the court in *South Cherry. South Cherry,* 2009 WL 2032133, at *14 ("This is hardly a cogent or compelling suggestion.").[9] As in *South Cherry,* it is simply not plausible that NYLIAC would allow its policyholders to invest in a Ponzi scheme. *See Aschroft v. Iqbal,* 129 S.Ct. 1937, 1953 (2009); *South Cherry Street,* 2009 WL 2032133, at *14.[10]

### III. Plaintiff Fails To State A Claim For Negligent Misrepresentation.

As stated in Section II, Plaintiff fails to identify an actionable misrepresentation made by NYLIAC. Moreover, NYLIAC owed no "special" or fiduciary duty to Plaintiff. *See* Opening Br. at 14-15. Here, again, none of the facts that Plaintiff relies on in his Opposition to support a purported "special relationship" between NYLIAC and Plaintiff are alleged in the Complaint. *See* Opp. at 12-13. Nor are they sufficient to establish that such a special relationship existed. *See Murphy v. Kuhn*, 682 N.E.2d 972 (N.Y. 1997) (affirming dismissal of negligent

---

[9] *See also Technical Support Services, Inc. v. Int'l Bus. Machines Corp.,* 856 N.Y.S. 2d 26, 2007 WL 4500382, at *25 (N.Y. Sup. Ct. Dec. 3, 2007) ("The motive ascribed to IBM's employees here-a desire for higher compensation-is found in virtually all commercial transactions, making it an ill-suited motive from which to draw an inference of intent to defraud").

[10] As NYLIAC argued in its Opening Brief (at 13-14), Plaintiff's fraud claim also falls far short of the pleading requirements of Rule 9(b). *See* Opening Br. at 12.

misrepresentation claim because no special relationship existed between insured and insurance agent, even though agent had been advising plaintiffs for many years). In any event, Plaintiff's negligent misrepresentation claim is barred by the economic loss doctrine because any duty NYLIAC owed Plaintiff is governed by the terms of Plaintiff's Policy. *See* Opening Br. at 15.[11]

## IV. Plaintiff Fails To State A Claim For Breach Of Fiduciary Duty.

Plaintiff concedes, as he must, that, an insurer is not normally a fiduciary to its insured. *See* Opp. at 16. In an effort to circumvent this well-established rule, Plaintiff alleges for the first time in the Opposition that NYLIAC had "extensive management rights over the Subaccount," and "assumed the express obligation to provide Plaintiff notice of developments in the underlying portfolios of his Subaccount," such that NYLIAC's role "was akin to that of a securities broker." Opp. at 17. None of these facts are or could be alleged in the Complaint.

Plaintiff cites no New York case holding that an insurance company owes a fiduciary duty to an insured.[12] Instead, Plaintiff relies on *McDonnell v. Allstate Life Ins. Co.,* No. Civ. 3076, 2004 WL 2392169 (N.D. Ill. Oct. 25, 2004), but that case is not on point. In *McDonnell*, the court held that: "Under Illinois law, brokers who receive fees or commissions for executing investment transactions can serve as agents to their customers, and thus have a fiduciary duty to their customers that is limited to actions occurring within the scope of their agency." *Id.* at *3

---

[11] In his Opposition, Plaintiff argues that "tortious misrepresentations concerning Plaintiff's investment created a legal relationship separate and distinct from the contract itself." Opp. at 14. As shown, above, however, Plaintiff's Complaint fails to point to any misrepresentation made by NYLIAC. Plaintiff argues, in the alternative, that NYLIAC's purported "negligent mismanagement of the Subaccount also created a relationship independent of the Contract." Opp. at 14. This allegation is not in the Complaint, but even if it were, any duty NYLIAC owed Plaintiff with respect to any "subaccounts" would be governed by the contractual terms between the parties. *See* Opening Br. at 15.

[12] On page 17 of the Opposition brief Plaintiff cites *Murphy v. Kuhn*, 682 N.E.2d 972 (N.Y. 1997), for the proposition that NYLIAC owned Plaintiff fiduciary duties because its role over Plaintiff's investment extended beyond the ordinary placement of requested insurance responsibilities. As noted above, *Murphy* involved a claim against an insurance agent, not an insurance company, and held that no special relationship existed. 682 N.E.2d at 975.

7

The court in *McDonnell* recognized that the "duty of care owed . . . is an exceedingly narrow one, consisting at most of a duty to properly carry out transactions ordered by the customer." *Id*. Thus, even if the facts set forth in Plaintiff's Opposition were alleged in the Complaint, and if this Court were to apply Illinois law, *McDonnell* would not support Plaintiff's breach of fiduciary duty claim because Plaintiff does not (and cannot) allege (i) that NYLIAC was Plaintiff's agent or (ii) that NYLIAC failed to "properly carry out transactions ordered" by Plaintiff. Under well-established precedent, NYLIAC is not a fiduciary to Plaintiff and Plaintiff's breach of fiduciary duty claim should be dismissed.

V. **Plaintiff Fails To State A Claim For Unjust Enrichment Or For Breach Of The Covenant Of Good Faith And Fair Dealing.**

In his Opposition, Plaintiff concedes that the parties' relationship is governed by contract. *See* Opp. at 18 ("New York Life tortiously and fraudulently breached duties *implied in its contract* with Plaintiff." (emphasis added)). Plaintiff's unjust enrichment claim accordingly should be dismissed. *See* Opening Br. at 19. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing contains no specific factual allegations detailing NYLIAC's supposed bad faith; this claim also should be dismissed. *See* Opening Br. at 19-20.

VI. **To The Extent That Plaintiff's Negligent Misrepresentation And Breach Of Fiduciary Duty Claims Do Not Sound In Fraud, They Are Time-Barred.**

In an attempt to avoid the three-year statute of limitations as to his negligent misrepresentation and breach of fiduciary duty claims, Plaintiff argues that the six-year statute should apply because those claims sound in fraud. Opp. at 21. The Complaint, however, contains numerous allegations that do not sound in fraud. *See, e.g.* ¶¶ 40, 96, 98, 106, 108. Unless Plaintiff stipulates that he is abandoning all such allegations, then, to the extent that

Plaintiff's negligent misrepresentation and breach of fiduciary duty claims do not sound in fraud, they are time-barred and should be dismissed. *See* Opening Br. at 21-22.

## VII. All Of Plaintiff's Claims, Except Fraud, Are Preempted By The Martin Act.

Plaintiff's argument - that he "had no contacts with New York" (Opp. at 22) is nonsensical. Plaintiff brought this action "to recover damages" for alleged "violations of the common law of New York." Complaint ¶ 1. By his own allegations, Plaintiff concedes that "substantial acts in furtherance of the alleged fraud and/of [sic] its effects have occurred in this District." Complaint ¶ 14. "There is consensus in this District that a transaction is 'within or from' New York for purposes of the Martin Act if a plaintiff alleges that a 'substantial portion of the events' giving rise to a claim occurred in New York." *Heller v. Goldin Restructuring Fund, LLP,* 590 F. Supp. 2d 603, 611 n.9 (S.D.N.Y. 2008) (citing cases); *Sedona Corp. v. Ladenburg Thalmann & Co.,* No. 03 Civ. 3120, 2005 WL 1902780, at *22 (S.D.N.Y. Aug. 9, 2005).[13] Contrary to Plaintiff's assertion, moreover, the Second Circuit has held that the Martin Act preempts New York common law claims. *See Castellano v. Young & Rubicam, Inc.,* 257 F.3d 171, 190-91 (2d Cir. 2001) (affirming that plaintiff's breach of fiduciary duty claim was "properly dismissed" as preempted by the Martin Act); *Granite Partners, L.P. v. Bear Stearns & Co.,* 17 F. Supp. 2d 275, 292 (2d Cir. 1998). Plaintiff is also incorrect when he asserts, citing only two cases, that "the prevailing law of New York is that the Martin Act does not preempt common law claims." Opp. at 23. Rather, as a case that Plaintiff cites in his Opposition

---

[13] Plaintiff's assertion that the Martin Act "only applies to instances in which securities are offered or sold 'within or from' New York" (Opp. at 12) is baseless. It is well settled that the Martin Act applies where any alleged "fraud, deception, concealment, suppression, false pretense . . . representation or statement which is false" is "engaged to induce or promote the issuance . . . sale . . .or purchase of securities . . . ***regardless of whether issuance, distribution, exchange, sale, negotiation, or purchase resulted***." *Sedona Corp.*, 2005 WL 1902780, at *21 (quoting N.Y. Gen. Bus. Law s. 352-c(1) (McKinney 1996)) (emphasis added).

9

recognizes, such cases "stand as solitary islands in a stream of contrary opinion" and should not "persuade[] this Court to abandon the position adopted by the Second Circuit in *Castellano*." *See Nanopierce Techs., Inc. v. Southridge Capital Mgmt., LLC,* No. 02 Civ. 0767, 2003 WL 22052894, at *4 (S.D.N.Y. Sept. 2, 2003) (citations omitted).[14] Plaintiff's claims (except fraud) are preempted by the Martin Act. *See* Opening Br. at 23-25.

## VIII. CONCLUSION

For the foregoing reasons, and those stated in the Opening Brief, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

By: */s/* Jeffrey L. Williams
    Jeffrey L. Williams (admitted *pro hac vice*)
    Thomas J. Finn: TF7078
    Ben V. Seessel (admitted *pro hac vice*)
    JORDEN BURT LLP
    175 Powder Forest Drive, Suite 301
    Simsbury, Connecticut 06089-9658
    Telephone: (860) 392-5000
    Facsimile: (860) 392-5058
    e-mail: jlw@jordenusa.com
    e-mail: tjf@jordenusa.com
    e-mail: bvs@jordenusa.com

    Attorneys for Defendants
    New York Life Insurance Company
    and New York Life Insurance and
    Annuity Corporation

---

[14] Plaintiff's citation to *Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship,* 906 N.E. 2d 1049, 1050 (N.Y. 2009), is also inapposite. In *Kerusa,* the Court of Appeals considered whether a *fraud* claim should be preempted by the Martin Act. *Id.* NYLIAC does not argue that Plaintiff's fraud claim should be preempted. Moreover, footnote 9 in Plaintiff's Opposition (at 24) makes no sense. Courts have regularly held that negligent misrepresentation claims are preempted by the Martin Act. *See, e.g., Granite Partners,* 17 F. Supp. 2d at 291-92 ("[C]laims for breach of fiduciary duty and negligent and innocent misrepresentation, for example, which do not require a plaintiff to plead and prove intentional deceit, are covered by the Martin Act and cannot be asserted by private litigants.").