UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE TREMONT SECURITIES LAW,        :   Master File No.:
STATE LAW, and INSURANCE                 08 Civ. 11117 (TPG)
LITIGATION                           :
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
This Document Relates to: Insurance Law  :   ECF Case
Actions, 09 Civ. 0557 (TPG)                  Electronically Filed
                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# THE TREMONT DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFFS' MOTION FOR
# <u>PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT</u>

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Group Holdings, Inc.,
Tremont Partners, Inc., and
Tremont (Bermuda) Limited

Defendants Tremont Group Holdings, Inc., Tremont Partners, Inc. and Tremont (Bermuda) Limited (collectively, "Tremont") respectfully submit this memorandum of law in opposition to Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement.[1]

## **INTRODUCTION**

Plaintiffs and the Argus Defendants (the "Settling Parties") have requested preliminary approval of a stipulation of partial settlement (the "Settlement" or "Settlement Agreement") resolving claims asserted against the Argus Defendants in this case and in a related action captioned <u>The Lugano Trust v. Tremont Capital Management, Inc.</u>, 09 cv- 6840 (TPG). Tremont objects to one provision of the Settlement that threatens to prejudice the rights of all non-settling defendants, including Tremont.[2]

The Settlement provision in question is a bar order prohibiting the non-settling defendants from pursuing claims for contribution against the Argus Defendants. The provision is prejudicial because it fails to provide for an adequate corresponding judgment reduction credit to compensate the non-settling defendants for the loss of their right to seek contribution. While the Settlement also purports to include a judgment reduction "credit" to offset the effect of the bar order, it fails to provide the credit mandated under Section 15-108 of New York's General Obligations Law ("GOL").[3] The GOL unequivocally provides that any final judgment against

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement.

[2] In making this limited objection to the Settlement at this juncture, defendants do not concede that certification of any plaintiff class in any of the related Tremont cases before this Court would be appropriate. Defendants reserve their right to oppose any motion for class certification addressed to any claims remaining in this litigation.

[3] Although Section 15-108 is phrased solely in terms of "tortfeasors," it is applicable to all cases, such as this one, where non-settling defendants have a right to seek contribution from

*(cont'd)*

non-settling defendants must be reduced by <u>the greatest of</u>: the amount stipulated in the release given to the settling defendant, the amount paid by the settling defendant for the release, or the amount of the settling defendant's equitable share of the damages (<u>i.e.</u>, the statute entitles non-settling defendants to the maximum credit available under either the <u>pro tanto</u> or the proportionate share methods of judgment reduction). <u>See</u> N.Y. GOL § 15-108 (McKinney 2007).

Here, the Settlement departs from the clear words of the statute and offers a scheme that does nothing to protect the judgment reduction rights of Tremont and the other non-settling defendants. Instead, under the Settlement, plaintiffs promise to seek a reduction in any judgment entered against the non-settling defendants, but only if the non-settling defendants prevail on cross-claims for contribution against the Argus Defendants. (<u>See</u> Proposed Judgment ¶ 13.)[4] The Settlement's proposed bar order, however, would completely eliminate the Argus Defendants' liability for contribution. Thus, the Settlement, by its terms, precludes any cross-claims for contribution, rendering the proposed judgment credit provision illusory. Consequently, as explained below, the Settling Parties' proposed bar order is inconsistent with GOL § 15-108 and would, if approved by the Court, prejudice Tremont and the other non-settling defendants by depriving them of adequate compensation for the loss of their right to seek contribution from the Argus Defendants. Plaintiffs' motion for preliminary approval, therefore,

---

*(cont'd from previous page)*
    settling defendants. <u>See</u> <u>Minpeco, S.A. v. Conticommodity Servs., Inc.</u>, 677 F. Supp. 151, 153 (S.D.N.Y. 1988); <u>County of Westchester v. Welton Becket Assocs.</u>, 478 N.Y.S.2d 305, 313 (2d Dep't 1984).

[4]     The Proposed Judgment is the Proposed Final Judgment attached as Exhibit F to the Settlement Agreement.

should be denied absent amendment of the Settlement to include the requisite judgment reduction credit for the benefit of the non-settling defendants.[5]

## ARGUMENT

### THE PROPOSED SETTLEMENT IS PREJUDICIAL TO ALL NON-SETTLING DEFENDANTS, INCLUDING TREMONT

Where, as here, a settlement agreement includes a provision barring the contribution claims of non-settling defendants, the agreement may be approved by the court "only 'so long as there is a provision that gives the non-settling defendants an appropriate right of set-off from any judgment imposed on them.'" In re Parmalat Sec. Litig., No. 04 Civ. 9771, 2007 WL 541466, at *34-35 (S.D.N.Y. Feb. 22, 2007) (citations omitted).

In this case, the proposed bar order included in the Settlement is governed by GOL § 15-108. Accordingly, Tremont (and the other non-settling defendants) are entitled, at a minimum, to the judgment reduction credit specified in that statute, which provides in relevant part as follows:

> When a release . . . is given to one of two or more persons liable or claimed to be liable in tort for the same injury . . . it does not discharge any of the other tortfeasors from liability for the injury . . . unless its terms expressly so provide, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

N.Y. GOL § 15-108(a).[6]

---

[5] Non-settling defendants have standing to object to a proposed settlement where their "rights . . . are at stake." In re Parmalat Sec. Litig., No. 04 Civ. 9771, 2007 WL 541466, at *34-35 (S.D.N.Y. Feb. 22, 2007) (considering the rights of non-settling defendants as they relate to a proposed settlement bar order); see also Quad/Graphics, Inc. v. Fass, 724 F.2d 1230, 1232 (7 Cir. 1983) (recognizing right of non-settling defendants to object to terms of settlement that precludes indemnification from settling defendants).

3

Here, in derogation of the statute, the Settlement purports to extinguish claims for contribution against the Argus Defendants, but fails to provide the non-settling defendants with an adequate judgment reduction credit. As for the proposed bar order, it is contained in a Proposed Final Judgment attached as Exhibit F to the Settlement, and purports to discharge the Released Parties (which include the Argus Defendants) "from all claims for contribution by any Person . . . based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class, any Settlement Class Member or the Individual Settling Parties." (Proposed Judgment ¶ 11.) In other words, the Settlement purports to extinguish all claims for contribution against the Argus Defendants, including those of Tremont and the other non-settling defendants.

The Proposed Final Judgment annexed to the Settlement also includes a separate provision purporting to provide for a reduction in any judgment that may be entered against the non-settling defendants. In reality, however, the provision as drafted could not possibly result in any judgment reduction under any circumstances. Indeed, the proposed judgment reduction clause is triggered only if the Settlement's bar order "is insufficient or inadequate to eliminate the Argus Defendants' liability based on any [claim for contribution]." (Id. ¶ 13.) Given that the proposed bar order, by its terms, purports to eliminate <u>all</u> claims for contribution against the Argus Defendants, the purported judgment reduction clause could never become operative. This illusory judgment credit provision plainly flouts GOL § 15-108 and thus is improper. <u>See</u> <u>Denney v. Deutsche Bank AG</u>, 443 F.3d 253 (2d Cir. 2006); <u>Local 875 I.B.T. Pension Fund v.</u>

___

*(cont'd from previous page)*

[6]  GOL § 15-108 is intended <u>both</u> to encourage settlements <u>and</u> to ensure that the non-settling defendants will not be forced to bear more than their fair share of any awarded damages. <u>See, e.g.</u>, <u>Whalen v. Kawasaki Motors Corp.</u>, 92 N.Y.2d 288, 292 (1998); <u>Williams v. Niske</u>, 81 N.Y.2d 437, 443-44 (1993).

4

Pollack, 49 F. Supp. 2d 130 (E.D.N.Y. 1999). See also In re Masters Mates & Pilots Pension Plan, 957 F.2d 1020, 1031 (2d Cir. 1992) (rejecting bar order provision because the settlement "provide[d] for a judgment reduction that may be less than the amount paid by the settling defendants").

To fairly compensate Tremont and the other non-settling defendants for the loss of their contribution claims against the Argus Defendants, the Settlement's judgment reduction provision should be amended to specifically provide that any judgment reduction credit shall equal the greater of the settlement consideration paid by the Settling Defendants, or the Settling Defendants' proportionate share of liability. See Denney, 443 F.3d at 274-75 (settlement must specify how the full and sufficient judgment credit will be calculated); In re Parmalat, 2007 WL 541466, at *37 (rights of non-settling defendants are protected where judgment credit is at least an amount equal to settling defendant's proportionate share of liability).

## CONCLUSION

For the foregoing reasons, Tremont respectfully requests that the Court deny Plaintiffs' motion to preliminarily approve the Settlement absent amendment of the Settlement's proposed bar order to include the judgment reduction credit mandated under GOL § 15-108.

Dated: September 18, 2009

    Respectfully submitted,

    SKADDEN, ARPS, SLATE,
     MEAGHER & FLOM LLP

By: \s\ Seth M. Schwartz
    Seth M. Schwartz
    seth.schwartz@skadden.com
    Michael H. Gruenglas
    Susan L. Saltzstein
    William F. Clarke, Jr.
    Four Times Square
    New York, New York 10036-6522
    (212) 735-3000