UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
IN RE TREMONT SECURITIES LAW,                :
STATE LAW AND INSURANCE                       :      Master File No.:
LITIGATION                                                  :      08 Civ. 11117 (TPG)
                                                                     :
------------------------------------------------------- x      **JURY TRIAL DEMANDED**
This Document Relates to: State Law Actions   :
08 Civ. 11183 (TPG)                                       :      "ECF Case"
                                                                     :
                                                                     :
                                                                     :
------------------------------------------------------- X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO 2005 TOMCHIN FAMILY CHARITABLE TRUST MOTION TO INTERVENE

**ENTWISTLE & CAPPUCCI LLP**
280 Park Avenue
26th Floor West
New York, New York 10017
(212) 894-7200

*Counsel for Plaintiffs Arthur E. Lange Revocable Trust and Arthur C. Lange*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
700 South Flower Street
Suite 2940
Los Angeles, CA 90017
(213) 330-7150

*Counsel for Plaintiffs Eastham Capital Appreciation Fund LP, NPV Positive Corp., John Dennis, Daniel Jackson, Laborers Local Pension Plan 17 and Richard Peshkin*

Co-Lead Counsel for Plaintiffs

Third parties may intervene in an action either as a matter of right, see Fed. R. Civ. P. 24(a), or with the permission of the court, see Fed. R. Civ. P. 24(b). Movant, the 2005 Tomchin Family Charitable Trust's ("Tomchin"), concedes that it has no basis to intervene as a matter of right. For the reasons set forth below, the Court should exercise its discretion to deny Tomchin's Motion to Intervene.

### I. Standard for Permissive Intervention Under Rule 24(b)

Federal Rule of Civil Procedure 24(b) provides that on a timely motion, the court may permit anyone to intervene who:

> (1)(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. . . . (3) In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

### II. Tomchin's Request to Intervene Should Be Denied.

The trial court has "very broad discretion" to deny Tomchin's intervention in the State Law Action of the consolidated Tremont Litigation. *See United States Postal Service v. Brennan*, 579 F.2d 188, 191-192 (2d Cir. N.Y. 1978) ("*U.S. Postal Service*"). Tomchin's claims do more than simply share questions of law or fact with the State Law Action—Tomchin has filed its own complaint asserting substantially similar derivative claims to those being litigated in the State Law Action. This Court should deny intervention because: (i) Tomchin already asserted its derivative claims in a separate action; (ii) Tomchin's intervention would unduly delay adjudication of Plaintiffs' claims here (iii) the limited standing question posed by Tomchin should not alter the determinations to be made by this Court; and (iv) Tomchin has not shown that representation of the Rye Funds in the State Law Action is inadequate.

1

## A. Tomchin's Existing Lawsuit Undermines the Request for Intervention.

Where an applicant for permissive intervention has filed a separate complaint, and that complaint is substantially similar to the main action, courts have denied intervention. *See Head v. Jellico Housing Authority*, 870 F.2d 1117, 1124-1125 (6th Cir. 1989) (denying intervention where the applicant already availed itself of another means of asserting its rights); *see also Korioth v. Honorable Dolph Briscoe*, 523 F.2d 1271, 1279 (5th Cir. 1975) ("When an appellant has other adequate means of asserting its rights, a charge of abuse of discretion in the denial of a motion for permissive intervention would appear to be almost untenable on its face"); *SEC v. Vesco*, 58 F.R.D. 182, 183 (S.D.N.Y. 1973) (applicants were not prejudiced by denial of application to intervene since they "have already filed derivative actions in this Court for redress of their damage claims"). Tomchin has filed a separate complaint, and that complaint admittedly asserts substantially similar derivative claims as those asserted in the First Consolidated Amended Complaint at issue in the State Law Action. Moreover, Tomchin seeks to recover monies on behalf of one of the same Rye Funds—the Rye Select Broad Market XL Fund—represented derivatively by Plaintiffs in the State Law Action. Given that Tomchin already availed itself of another means of asserting its rights, Tomchin's request to intervene in the State Law Action should be denied.

## B. Intervention Would Unduly Delay Adjudication of Plaintiffs' Claims in the State Law Action.

One of the principle considerations under Rule 24(b) is whether intervention would unduly delay the adjudication of the rights of the original parties. See *U.S. Postal Service*, 579 F.2d at 191-192. Admittedly, the very purpose of Tomchin's motion to intervene is to delay adjudication of the rights of the original parties in the State Law Action. Namely, Tomchin seeks to delay or preclude this Court from adjudicating the derivative claims in the State Law

2

Action asserted on behalf of the Rye Select Broad Market XL Fund. By intervening, Tomchin hopes to prevent this Court from making determinations before the New York state court considers these same issues.[1]

Plaintiff Peshkin filed the lead case in this State Law Action in December 2008, nearly two months before Tomchin filed a complaint in New York state court. At or about the same time that Tomchin filed its own complaint, Plaintiffs in this case filed a First Consolidated Amended Complaint, explicitly setting forth several derivative claims on behalf of the Rye Funds. Both this District Court and the New York state court have equal jurisdiction as to the underlying dispute here. Moreover, any derivative judgment on behalf of the XL Fund will go to the same entity. Under the circumstances, intervention would unduly delay the State Law Action. Therefore, this Court should deny Tomchin's request for intervention.[2]

### C. The Limited Standing Question Posed by Tomchin Should Not Alter This Court's Determinations.

Tomchin argues that it should be permitted to intervene here because it directly invested in the Rye Select Broad Market "XL" Fund, whereas Plaintiffs in the State Law Actions invested in other Rye Funds or in the "XL" Fund through sub-feeder funds. This distinction is of no consequence.

First, double-derivative standing exists in this case. *See Rales v. Blasband*, 634 A.2d 927, 937 (Del. 1993).[3] Long ago, the Second Circuit explained double derivative standing in general terms:

---

[1] Incidentally, Plaintiffs' Co-Lead Counsel in the State Law Action reached out to Tomchin's counsel in an effort to informally coordinate the actions, but received no response.

[2] In fact, Tomchin's requested stay could prevent Plaintiffs from appealing an adverse ruling.

[3] Tomchin cites a single case in support of its Motion to Intervene, *Bauer v. Servel, Inc.*, 168 F. Supp. 478, 481 (S.D.N.Y. 1958), which is inapposite. The *Bauer* case had nothing to do with the

3

> Initially, we think it clear that a stockholder can maintain a double derivative action in the federal courts. . . . A shareholder's suit in essence is nothing more than a suit by a beneficiary of a fiduciary to enforce a right running to the fiduciary as such; a double derivative suit is one in which the beneficiary is in his turn a fiduciary, and as such refuses to enforce the right which is his as beneficiary of the first fiduciary.

*Goldstein v. Groesbeck*, 142 F.2d 422, 425 (2nd Cir. 1944).

In this case, Tremont Partners, Inc. (TPI) is the General Partner of each of the three domestic Rye Funds. Since TPI is not in a position to enforce rights belonging to the Rye Funds, the limited partner investors may sue derivatively. Likewise, since the General Partners of the sub-feeder funds are not in a position to enforce the rights of the sub-feeder funds, the limited partner investors have double-derivative standing to enforce these rights. Consequently, Tomchin has no greater right to assert derivative claims on behalf of the XL Fund than Plaintiffs in the State Law Action.[4]

Second, the determinations at issue work the same for each of the three domestic Rye Funds managed by Tremont: (i) the Rye Select Broad Market Fund; (ii) the Rye Select Broad Market Prime Fund; and (iii) the Rye Select Broad Market Prime Fund. Since Plaintiffs invested directly in the Prime Fund, even Tomchin must concede that this Court is required to decide the demand futility issue with respect to the Prime Fund.

---

difference between "direct" investors and sub-fund investors; nor did it even touch upon double derivative standing. The case simply recognized that Rule 23(b)(1) requires "stock ownership as of the time of the transaction assailed" to establish standing in a shareholder's derivative suit. The sub-funds in this case were investors in the Rye Funds at all relevant times. Because Plaintiffs have derivative standing to represent the sub-funds, they stand in the same shoes as Tomchin and other so-called "direct" investors in the Rye Funds.

[4] Incidentally, as Tomchin acknowledges in its own complaint, roughly 90% of the XL Fund assets were actually invested in the Rye Select Broad Market Fund.

Significantly, Tomchin offers no explanation as to why the underlying issues would be different for the XL Fund than they are for the Prime Fund. In fact, they would not be different (and no one has argued that they would be different). The viability of the derivative claims is the same for each of the three domestic Rye Funds. Therefore, the Court can and should decide the viability of the derivative claims without carving-out the XL Fund.

### D. Tomchin's Interests Are Being Adequately Represented.

Adequate representation of the intervenor's interests cuts against a motion to intervene. *See U.S. Postal Service*, 579 F.2d at 191-192; *see also Fielding v. Allen*, 9 F.R.D. 106, 107 (D.N.Y. 1949) (Denying request to intervene absent a showing that the claims would be more effectively conducted by other attorneys). This Court appointed the Hagens Firm and the Entwistle firm as Co-Lead Counsel in the State Law Action. Both firms have strong national reputations as leading class action and complex litigation advocates. Both firms have been aggressively advancing claims on behalf of investors who lost money through the Rye Funds. There is no evidence to suggest that representation has in any way been inadequate. To the contrary, the proceedings in the State Law Action are at a more advanced stage insofar as the Defendants' Motions to Dismiss have been fully and adequately briefed. Consequently, for this additional reason, intervention is not warranted here.

///

///

///

///

///

///

///

# CONCLUSION

For the reasons above, Tomchin's Motion to Intervene should be denied.

New York, New York

Dated: September 18, 2009

        HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____
        LEE M. GORDON

700 South Flower Street
Suite 2940
Los Angeles, CA 90017
Telephone: (213) 330-7150
Facsimile: (213) 330-7152
Admitted Pro Hac Vice

*Counsel for Plaintiffs Eastham Capital Appreciation Fund LP, NPV Positive Corp., John Dennis, Daniel Jackson, Laborers Local Pension Plan 17 and Richard Peshkin*

*Co-Lead Counsel for Plaintiffs in the State Law Action*