# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made effective as of the 4th day of December 2009 by and between Plaintiffs Eastham Capital Appreciation Fund LP, NVP Positive Corp., John Dennis, Daniel Jackson, Laborers Pension Plan 17 and Richard Peshkin (collectively, "Derivative Plaintiffs" or "Plaintiffs") on behalf of themselves, on behalf of all similarly situated persons who are thus members of the putative class that Plaintiffs purport to represent, and/or derivatively for the nominal defendants in "IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION," Master File No. 08 Civ 11117 (TPG) [State Law Actions Case No. 08 Civ. 11183 (TPG)] (the "State Law Actions"), (such persons being referred to jointly and/or severally herein as the "Claimants"), on the one hand, and Defendant The Bank of New York Mellon Corporation and Defendant BNY Alternative Investment Services, Inc. (now dissolved) (both Defendants collectively being referred to as "BNY MELLON") on the other hand. Claimants and BNY MELLON are collectively referred to as the "Parties."

WHEREAS, Plaintiffs filed a First Consolidated and Amended Class Action and Verified Derivative Complaint herein on April 20, 2009 (the "Complaint");

WHEREAS, the Complaint asserts two claims against Defendant BNY MELLON. The first claim alleges a breach of fiduciary duty against BNY MELLON as an administrator of the Rye Funds (Count VI), and the second claim alleges malpractice and professional negligence (Count XII);

WHEREAS, BNY MELLON has filed a motion to dismiss the Complaint (the "Motion to Dismiss") on various grounds, including that: (i) conducting due diligence, selecting investments, monitoring investment performance, and considering the appropriate balance of portfolio risks for the Rye Funds were solely responsibilities of the Tremont Defendants; and (ii) BNY MELLON relied on information and directions from the Tremont Defendants in serving as an administrator of the Rye Funds;

1

**WHEREAS,** Plaintiffs and BNY MELLON desire to permit prosecution of the State Law Actions to proceed efficiently toward a disposition while avoiding the expense and uncertainty of litigating the claims asserted against BNY MELLON as a fund administrator;

**WHEREAS,** in light of the assertions made and documents provided by BNY MELLON in connection with its Motion to Dismiss, the Parties are willing to enter into this Tolling Agreement;

**WHEREAS,** in light of the foregoing, the Parties deem it to be in their mutual benefit that Claimants' Claims against BNY MELLON not be asserted in the State Law Actions at the present time;

**WHEREAS,** Claimants desire that for the period of this Agreement, they should be able to consider issues relating to their Claims without regard to the time constraints that exist because of any future expiration of any applicable statute of limitations;

**NOW, THEREFORE,** in consideration of the mutual agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby covenant and agree as follows:

1.       As used in this Agreement, the following terms shall have the following meanings:

(a) "Claims" shall mean any and all claims and/or causes of action, if any, known or unknown, of the Claimants against BNY MELLON, and BNY MELLON against the Claimants, which either may have in connection with BNY MELLON's provision of administrative services to the Rye Funds.  The Claims include claims asserted by Plaintiffs on behalf of themselves, on behalf of the Claimants, and derivatively for the nominal defendants in the State Law Actions.

(b) "Tolling Period" shall mean the period from and including the Effective Date of this Agreement until and including the Expiration Date (as defined below) of this Agreement.

(c) "Expiration Date" shall mean the earlier of June 30, 2010, or 30 days from the date that written notice of termination of this Agreement has been served by either of the Parties on the other in accordance with paragraph 10 of this Agreement.

(d) "Timing Defenses" shall mean and include, and shall be limited to, any affirmative defenses to Claimants' Claims, and Claimants' affirmative defenses against BNY MELLON's claims, that either may have to the extent based upon (1) any statute of limitations, (2) laches, and/or (3) any failure to institute or commence litigation or other legal proceedings within some specified period, before a specified date, or before the happening of a specified event.

2.      The Claimants and BNY MELLON stipulate, covenant and agree that Timing Defenses applicable to the Claims shall be tolled during the Tolling Period.

3.      The Claimants and BNY MELLON stipulate, covenant, and agree that this Agreement shall have no effect on any Timing Defenses that may be available to any party prior to the Effective Date, and that all time periods prior to the Effective Date and after the Expiration Date (and prior to the filing of any lawsuit or other legal proceeding by Claimants subject to paragraph 5 of this Agreement) shall be included in the calculation of and running of any applicable Timing Defenses. Nothing contained herein shall preclude any party from asserting any Timing Defenses to the extent that such defenses already exist as of the Effective Date, and nothing herein shall be deemed to revive any Claims barred as of the Effective Date.

4.      The Claimants and BNY MELLON stipulate, covenant, and agree that the parties, by executing and entering into this Agreement, are not waiving or otherwise impairing by estoppel or any other means their right and ability to raise any Timing Defenses available to them for the periods prior to the Effective Date and after the Expiration Date (and prior to the filing of any lawsuit or other legal proceeding by Claimants subject to paragraph 5 of this Agreement).

5.      The provisions of this Agreement comprise all of the terms, conditions, agreements and representations of the Parties respecting the tolling of the Timing Defenses.

6.      This Agreement may not be altered or amended except by written agreement executed on behalf of both the Claimants and BNY MELLON. Both the Claimants and BNY MELLON hereby agree that the terms of this Agreement have not been changed, modified, or expanded by any oral agreements or representations entered into or made by the Claimants or BNY MELLON prior to or at the execution of this Agreement.

7.      The Parties hereto acknowledge that each of them has had the benefit of counsel of their choice and has been offered an opportunity to review this Agreement with chosen counsel. The Parties hereto further acknowledge that they have, individually or through their respective counsel, participated in the preparation of this Agreement, and it is understood that no provision hereof shall be construed against any party hereto by reason of either party having drafted or prepared this Agreement.

8.      This Agreement may be executed in one or more original or facsimile counterparts, each of which shall be deemed an original, but also which together will constitute one and the same instrument.

9.      This Agreement shall terminate on the Expiration Date as provided in paragraph 1(c) above, unless extended in writing by the Parties to be bound.

10.      Either the Claimants or BNY MELLON may terminate this Agreement, effective 30 days after the date of serving a written notice of termination, by serving notice of termination by letter to the other party. Such notice letter shall be served by facsimile transmission or e-mail, followed by the delivery of an original of the notice letter by United States certified mail, return receipt requested, to the following persons at the following addresses and facsimile numbers:

**If to the Claimants:**

Reed Kathrein
Hagens Berman Sobol & Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
510-725-3030
510-725-3001 (fax)
*reed@hbsslaw.com*

4

**If to BNY MELLON:**

>Jeffrey A. Rosenthal
>Cleary Gottlieb Steen & Hamilton LLP
>One Liberty Plaza
>New York, New York 10006
>(212) 225-2000
>(212) 225-3999 (fax)
>*jrosenthal@cgsh.com*

11. The Parties shall have the right to file and pursue any and all Claims and to seek any and all legal remedies against the other Parties that may be available to them, if any, on or after the Expiration Date of this Agreement, and the Parties shall be entitled to assert any Timing Defenses or other defenses, if any, subject to the terms of this Agreement.

12. Nothing in this Agreement shall be construed as an admission or denial by any of the Parties as to the merits of any of the Claims or defenses to any of the Claims.

13. Neither Claimants nor BNY MELLON nor any of their agents or attorneys will mention or allude to this Agreement, its terms, its execution, or the existence of any Tolling Period, before a jury or any factfinder in any trial for any purpose, except only to the extent necessary to prove that any Claims of another party were tolled by this Agreement, in order to rebut any Timing Defenses. The terms of this paragraph will survive termination of this Agreement.

14. Claimants represent and warrant that each of the individuals signing this Agreement on their behalf has authority to sign on their behalf. BNY MELLON represents and warrants that each of the individuals signing this Agreement on behalf of BNY MELLON has authority to sign on its behalf.

AGREED:                          CLAIMANTS' COUNSEL


DATE: _12/8/2009_                Hagens Berman Sobol Shapiro LLP


                                 By: _____


AGREED:                          BNY MELLON'S COUNSEL


DATE: _____        Cleary Gottlieb Steen & Hamilton LLP


                                 By: _____