## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION : : : | Master Docket Number 1:08-cv-11117-TPG |
| This Document Relates To: : : | CLASS ACTION |
| INSURANCE ACTION, 09-cv-557 : : | |

**DECLARATION OF GLEN L. ABRAMSON IN SUPPORT
OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT
AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

I, GLEN L. ABRAMSON, declare as follows:

1.      I am a shareholder of Berger & Montague, P.C. ("Berger & Montague") and an attorney in good standing in the Commonwealth of Pennsylvania.

2.      Berger & Montague currently represents 29 trusts and/or corporations (referred to in the Stipulation of Settlement as the "Individual Settling Parties") that collectively own 32 variable life insurance policies issued by Defendant Argus International Life Bermuda Ltd. ("Argus") or its predecessors. The Individual Settling Parties are the plaintiffs in *The Lugano Trust et al v. Tremont Capital Management, Inc., et al*, 1:09-cv-06840-TPG, which has been consolidated with the instant actions.

3.      Collectively, the policies owned by the Individual Settling Parties represent more than 50% of all premiums paid to Argus or its predecessors for variable life insurance or variable annuity policies which could have potentially been included in the class (e.g. – not including Tremont employees who have been excluded from the class).

1

Dockets.Justia.com

4.      Many of the Individual Settling Parties were threatened with the lapsing of their Argus variable life insurance policies, representing hundreds of millions of dollars in life insurance death benefits, when news of the Madoff Ponzi scheme broke in late 2008.

5.      In early 2009, on behalf of their clients, Berger & Montague began investigating and preparing claims against Argus and the other defendants involved in causing losses to the Individual Settling Parties. Specifically, Berger & Montague prepared complaints for both legal and injunctive relief in Bermuda to prevent any policies from lapsing. In connection with preparing these actions to be filed in Bermuda, Berger & Montague retained foreign legal experts in both London and Bermuda.

6.      Defendant Argus was made aware of the Individual Settling Parties intent to file a complaint for legal and injunctive relief in Bermuda. Shortly thereafter, the Individual Settling Parties and the Class entered into settlement discussions which ultimately resulted in the Stipulation of Settlement before the Court.

7.      Each of the 29 Individual Settling Parties, on behalf of all 32 policies owned by them, have agreed to the Settlement and support it as fair, adequate and reasonable.

8.      The attorneys' fee of $600,000 contained in the Stipulation of Settlement, payable to Co-Lead Counsel and Berger & Montague, is fair and reasonable. Since the inception of the case, Berger & Montague's lodestar in developing claims against both Argus and the other defendants is $753,641.50. In addition, Co-Lead Counsel have spent significant time prosecuting the claims against Argus and the other defendants.

9.      The expense award of up to $30,000 (including the cost of Bermuda counsel) contained in the Stipulation of Settlement also is fair and reasonable. Berger & Montague has incurred expenses totaling $67,507.54 since inception of the case. Included in this amount is

$62,030.55 expended for expert legal advice from London and Bermuda counsel in connection with Berger & Montague's preparation of the complaint for legal and injunctive relief in Bermuda. In addition, Co-Lead Counsel have incurred significant expenses prosecuting the claims against Argus and the other defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

EXECUTED this 17th day of December, 2009.

/s/Glen L. Abramson
GLEN L. ABRAMSON

## CERTIFICATE OF SERVICE

I, Glen L. Abramson, hereby certify that on December 17, 2009, I caused a true and correct copy

of the attached Declaration of Glen L. Abramson in Support of Plaintiffs' Motion for Final

Approval of Partial Settlement and Motion for Award of Attorneys' Fees And Expenses to be

served electronically on all counsel registered for electronic service in this case.

/s/Glen L. Abramson
GLEN L. ABRAMSON