USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────── x
In re TREMONT SECURITIES LAW, STATE : Master Docket No. 08-Civ-11117(TPG)
LAW AND INSURANCE LITIGATION :
                                         : CLASS ACTION
─────────────────────────────── :
                                         :
This Document Relates To:             :
                                         :
    INSURANCE ACTION, 09-Civ-557.     :
─────────────────────────────── x

# FINAL APPROVAL ORDER IN CONNECTION WITH
# PARTIAL SETTLEMENT PROCEEDINGS

This matter came before the Court for hearing pursuant to the Order of this Court on December 23, 2009, at 11:00 a.m., on the Settling Parties' application for approval of the partial Settlement set forth in the Stipulation of Partial Settlement, dated as of July 21, 2009 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Final Approval Order and Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Insurance Action and over all Settling Parties for the purpose of this partial Settlement only. The Argus Defendants expressly reserve the right to assert lack of personal jurisdiction, among other defenses, in the event that this Settlement is terminated pursuant to Section 14 of the Stipulation or for any other reason.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court approves the partial Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

4. The Insurance Action and all claims contained therein as to the Argus Defendants and Released Parties are dismissed with prejudice. Each of the parties is to bear his, her or its own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the Stipulation and the Settlement are fair, just, reasonable and adequate as to the Lead Plaintiffs, the Settlement Class Members, and the Argus Defendants, and the Settling Parties are hereby directed to perform its terms.

6. Upon the Effective Date of the Settlement, Plaintiffs, Members of the Settlement Class and Individual Settling Parties, on behalf of themselves, and any heirs, executors, administrators, successors and assigns, policy holders, policy owners, policy beneficiaries, parties responsible for payment of policy premiums, trusts, trustees, insured, and/or any party with any direct or indirect interest in the VUL or DVA Policies issued by TIIL or Argus International during the Class Period, and any person they represent, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and every Released Claim against any and all of the Released Parties, except as described in Paragraph 5.1 of the Stipulation.

7. The release contained in Paragraph 6 above shall not be deemed a release of any other party in the Action or any complaint filed by the Individual Settling Parties, or Person, against whom any and all claims are expressly not released. Neither the Members of the Settlement Class nor the Individual Settling Parties shall be precluded from asserting in the

Action or any complaint filed by the Individual Settling Parties, or in any other proceeding against any entity or Person other than the Released Parties, that TIIL's conduct with regard to the Policies constitutes evidence relevant to matters at issue against other defendants in the Action or in any other proceeding, including any action brought by the Individual Settling Parties.

8. Upon the Effective Date of the Settlement, each of the Argus Defendants, on behalf of themselves and the Released Parties, shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and every claim against any or all of the Settlement Class Members and Individual Settling Parties relating to or arising out of, or in connection with the institution, prosecution, assertion, settlement or resolution of the Insurance Action; provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of this Stipulation or the Settlement and/or to bar any claim or recovery by the Argus Defendants from any Settlement Class Member or Individual Settling Party in the event that any Person seeks recovery from either Argus Defendant for funds paid by either of the Argus Defendants to any Class Member or Individual Settling Party.

9. Upon the Effective Date of this Settlement, each of the Settlement Class Members and Individual Settling Parties, shall have, fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and every claim against any or all of their respective past and present heirs, executors, administrators, successors and assigns, attorneys, trusts, and trustees, related to, arising out of, or in connection with the VUL or DVA Policies issued by TIIL or Argus International during the Class Period. The release contained in this Paragraph shall not be deemed a release of any other party in the Action or any complaint

filed by the Individual Settling Parties, or Person, against whom any and all claims are not expressly released. This shall not be deemed a release by the Argus Defendants or their Released Parties of any such heirs, executors, administrators, successors and assigns, attorneys, trusts, and trustees of the Settlement Class Members or the Individual Settling Parties, against whom any and all claims are expressly not released.

10. Except as expressly provided in the Stipulation, the terms and conditions of each of the Policies shall be enforceable according to their respective terms, including with respect to any fees or expenses due to Argus International under the terms of the Policies.

11. Pursuant to N.Y. Gen. Oblig. Law §15-108, the Released Parties are hereby discharged from all claims for contribution by any Person, whether arising under federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, rule or regulation, now existing or coming into existence in the future, based upon, arising out of, relating to, or in connection with the Released Claims of the Settlement Class, any Settlement Class Member or the Individual Settling Parties.

12. Any claim for contribution shall be governed solely by N.Y. Gen. Oblig. Law § 15-108 and New York law, without giving effect to the principles of conflict of laws.

13. Pursuant to N.Y. Gen. Oblig. Law §15-108, any final verdict or judgment that may be obtained by one or more of the Settlement Class Members or the Individual Settling Parties against the Non-Argus Defendants in the Action or in the action brought by the Individual Settling Parties against the Non-Argus Defendants in this Court shall be reduced by the amount of the consideration paid by the Argus Defendants for the Released Claims pursuant to the Settlement, or in the amount of the Argus Defendants' equitable share of the

damages under article fourteen of the New York Civil Practice Law and Rules, whichever is greater.

14. To the extent that the bar order referred to herein is insufficient or inadequate to eliminate the Argus Defendants' liability based on any Claim Over arising from, or related to, any Released Claims, the Members of the Settlement Class and Individual Settling Parties agree to reduce any judgment they might recover against any entity other than the Argus Defendants by release and discharge in an amount, fraction, portion, or percentage necessary under applicable federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law, to bar, eliminate, or satisfy claims against the Argus Defendants for contribution and/or indemnity to the fullest extent permitted by federal, state, local, statutory or common law or any other U.S. or foreign law, including Bermudian or Cayman Islands law.

15. With respect to the Settlement Class, this Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Insurance Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and Plaintiffs' Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by the Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum;

and (iv) the difficulties likely to be encountered in the management of the class action. This Court, therefore, approves the proposed Settlement Class for purposes of effectuating the partial Settlement and approves Wolf Haldenstein Adler Freeman & Herz LLP and Coughlin Stoia Geller Rudman & Robbins LLP as Plaintiffs' Interim Lead Counsel.

16. The Notice of Pendency and Proposed Settlement of Class Action provided to the Settlement Class constituted the best notice practicable under the circumstances, including the individual Notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.[1]

17. Plaintiffs' Interim Co-Lead Counsel are hereby awarded fees and expenses in accordance with ¶ 13.1 of the Stipulation, which provides that the Argus Defendants will pay Interim Co-Lead Counsel and Berger & Montague PC attorneys' fees and expenses in the aggregate amount of $600,000 and up to an additional $30,000 in out-of-pocket expenses. An appeal of the attorneys' fees and expenses shall in no way affect the finality of this Judgment.

18. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession by the Argus Defendants as to any claim asserted in the Insurance Action or any other action or

---

[1] Pursuant to the separate agreement referenced in paragraph 14.4 of the Stipulation, Plaintiffs are filing four requests for exclusion from the Settlement, and subsequent retractions of those requests, under seal to protect the identities of those Settlement Class members.

proceeding; (b) shall be construed to be evidence of an admission or concession by the Lead Plaintiffs that claims asserted in the Insurance Action against the Argus Defendants lacked merit; and (c) shall be offered or received in evidence in the Insurance Action or in any other action or proceeding except in a proceeding to enforce the terms of the Stipulation.

19. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over all Settling Parties hereto for the exclusive purpose of construing, enforcing and administering the Stipulation.

20. The Court finds that during the course of the Insurance Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

\*  \*  \*

IT IS SO ORDERED.

DATED: December 23, 2009

*Thomas P. Griesa*
THE HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE