USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION**<br><br>**This Document Relates To:**<br><br>**INSURANCE ACTION, 09-Civ-557.** | : | **Master Docket No. 08-Civ-11117(TPG)**<br><br>**CLASS ACTION** |

**~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT GRANTING INSURANCE CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND INSURANCE CLASS PLAINTIFFS' INCENTIVE AWARDS**

WHEREAS, on April 5, 2011, the Court issued an Order directing Notice and Setting Final Fairness Hearing in Connection With Motion for Approval of Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice Order");

WHEREAS, the Notice Order provided, among other things, that a Settlement fairness hearing be held on June 1, 2011 at 2:30 p.m. (the "Hearing") to: (a) consider the application by Insurance Class Counsel for an award of attorneys' fees and expenses incurred in the prosecution of the Insurance Action; (b) consider the application by Insurance Class Plaintiffs for incentive awards for their time, effort, and expenses incurred in representing the Insurance Class; and (c) hear and rule on such other matters as the Court may deem appropriate;

WHEREAS, on June 1, 2011, the Court held the Hearing and continued it to August 8, 2011 at 3:00 p.m.;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Unless otherwise defined herein, all capitalized terms used herein have the meanings as set forth and defined in the Stipulation.

2. The Court has considered Insurance Class Counsel's request for attorneys' fees and the reimbursement of the costs and expenses reasonably incurred in the prosecution of the Insurance Action, and hereby awards: (i) fees in the amount of 30% of the Insurance Settlement Fund allocable to the Insurance Subclass, plus interest earned at the same rate as the Insurance Settlement Fund; and (ii) an additional $38,424.17 in out-of-pocket expenses to Insurance Class Counsel.

3. The Court has also considered the request for incentive awards for the named plaintiffs and hereby awards $10,000 to each named plaintiff.

4. As required by Federal Rule of Civil Procedure 23(h)(3), in making this award of attorneys' fees and reimbursement of expenses, the Court has considered and found that:

(a) Numerous Insurance Class members will benefit from the Settlement achieved by Insurance Class Counsel;

(b) All necessary copies of the Insurance Notice were disseminated to putative Insurance Settlement Class Members indicating that Insurance Class Counsel were moving for attorneys' fees and expenses in an amount not to exceed 30% of the Insurance Settlement Fund allocable to the Insurance Subclass, plus interest earned at the same rate as the Insurance Settlement Fund, and no objections were filed by any Insurance Settlement Class Members against the fees and expenses requested by Insurance Class Counsel contained in the Insurance Notice;

(c) Insurance Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The Insurance Action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Insurance Class Counsel not achieved the Settlement there would remain significant risk that the Insurance Action Plaintiffs and the Insurance Settlement Class may have recovered less or nothing from the Defendants;

(f) Insurance Class Counsel have devoted over 4,592 hours, with a lodestar value of $2,236,297.25, to achieve the Settlement; and

(g) The amounts of attorneys' fees awarded and expenses reimbursed are fair and reasonable and consistent with awards in similar cases.

5. The Court has considered the purported objections filed by Madelyn Haines and Paul Zamrowski (the "Haines Plaintiffs") and the Orloff Family Trust ("Orloff") and finds that the Haines Plaintiffs and Orloff lack standing to object, their purported objections are deficient and otherwise without merit, and determines they are overruled.

6. The Court finds that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

7. The moving and reply papers reflect a variety of factors that support entry of a final judgment pursuant to Rule 54(b). The Court is entering a separate final judgment regarding the Stipulation, which approves the Settlement and concludes further litigation on the merits of the claims addressed therein, barring a reversal on appeal. The request for fees addressed in this Judgment is not part of the merits of the actions to which the fees pertain.

8. The Settlement provides that: (i) any appeal pertaining solely to a fee application shall not delay or preclude the Judgment from becoming final; (ii) the procedures for and the allowance or disallowance by the Court of the fee application are not part of the Settlement, and are to be considered separately from the Court's consideration of the fairness, reasonableness and adequacy of

the Settlement; and (iii) any order or proceeding relating to any appeal from the fee application shall not operate to terminate or cancel the Stipulation, or affect the finality of the Judgment or delay the Settlement of the Actions. In addition, the Court finds that an appeal of this Judgment should not operate to delay distribution of monies to interested investors pursuant to the Stipulation and/or Plans of Allocation, given that any such delay could cause further hardship to investors.

9. In light of all the relevant circumstances, and in light of the factors appearing from the moving and reply papers, the Court expressly finds and determines that no just reason exists for delay in entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the Stipulation and separately with respect to this Judgment. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith pursuant to Rule 54(b).

10. The Court also finds and declares, in accordance with the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), that: (i) the notice and hearing regarding Insurance Class Counsel's Motion for an Award of Attorneys' Fees and Expenses and Insurance Class Plaintiffs' Incentive Awards were fair, adequate, reasonable, and consistent with this Court's prior Notice Order; (ii) the attorneys' fees, expense reimbursements, and named plaintiff incentive awards are fair, adequate and reasonable; and (iii) Insurance Class Counsel may allocate such fees, reimbursements, and awards according to the terms of this Order and the Stipulation.

* * *

IT IS SO ORDERED.

DATED: August 19, 2011

Thomas P. Griesa

THE HONORABLE THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE

665245v5