UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION | Master Docket No. 08 Civ. 11117 (TPG) |
| This document relates to:<br><br>THE INSURANCE ACTION, 09 Civ. 557 (TPG), specifically to:<br><br>THE INTERNATIONAL DAD TRUST,<br><br>    Plaintiff,<br><br>        -against-<br><br>TREMONT OPPORTUNITY FUND III, L.P., et al.,<br><br>    Defendants. | 11 Civ. 1687 (TPG) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS ON BEHALF OF TREMONT OPPORTUNITY FUND III, L.P. AND TREMONT INTERNATIONAL INSURANCE FUND L.P.

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants*
*Tremont Opportunity Fund III, L.P. and*
*Tremont International Insurance Fund L.P.*

Defendants Tremont Opportunity Fund III, L.P. (the "Opportunity Fund") and Tremont International Insurance Fund L.P. (the "International Fund") (collectively, the "Funds") respectfully submit this reply memorandum of law in further support of their motion for an Order dismissing the amended Complaint in this action (the "Complaint") as against the Funds.[1]

## ARGUMENT

### I.

### THE TRUST'S CLAIM FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED

The Funds hereby adopt and incorporate the legal arguments and authorities set forth in Point I of the Tremont Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Amended Complaint (the "Tremont Reply Brief").

### II.

### THE COMPLAINT FAILS TO STATE A CLAIM OF NEGLIGENT MISREPRESENTATION

The Funds hereby adopt and incorporate the legal arguments and authorities set forth in Point II of the Tremont Reply Brief.

**A. Plaintiff Has Not Alleged a Special Relationship**

As set forth at length in Point II of the Tremont Reply Brief, New York law applies to Plaintiff's claim for negligent misrepresentation. As the Funds explained in their Initial Moving Brief, New York law requires that Plaintiff have a "special relationship" with the Funds in order for it to be able to adequately plead a cause of action for negligent misrepresentation. First and foremost, the Complaint fails to allege the requisite special relationship. But nevertheless, because the statements about which Plaintiff complains were allegedly made <u>before</u> plaintiff

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as was ascribed to them in the Funds' Memorandum of Law in Support of Motion to Dismiss (Dkt. 688).

2

directed its insurance carrier to make an investment in the Opportunity Fund, the Opportunity Fund had no relationship whatsoever with Plaintiff, special or otherwise. *See* Funds' Initial Brief at 5-7. For these reasons, Plaintiff has failed to state a claim for negligent misrepresentation as a matter of law.

### B. Plaintiff Cannot Adequately Allege Reasonable Reliance

Irrespective of the absence of a special relationship between Plaintiff and the Funds, Plaintiff's claim for negligent misrepresentation must fail because it cannot establish reasonable reliance as a matter of law. "New York courts generally do not permit negligent misrepresentation claims based on arm's-length transactions between sophisticated counterparties." *Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co., et ano.*, 2011 U.S. Dist LEXIS 110601 (S.D.N.Y. Sept. 28, 2011). Here, the Plaintiff is a Cayman Island Trust (Compl. ¶ 1) that used variable universal life insurance policies, (with face values totaling more than $30,000,000), to invest in hedge funds and other alternative investment products. (Compl. ¶ 14). Plaintiff's sophistication placed upon it a "heightened duty" to conduct its own due diligence concerning any investment that was ultimately directed into the Tremont Fund. *Terra Securities ASA Kondursbo, et al. v. Citigroup, Inc., et al.*, 2011 U.S. Dist. LEXIS 118615 at *20 (S.D.N.Y. Oct. 11, 2011).

In *Terra Securities*, the plaintiffs were private investment funds which claimed that the defendants, affiliates of Citigroup, Inc., made misrepresentations and omissions in connection with the sale of certain securities known as fund-linked notes. 2011 U.S. Dist. LEXIS 118615 at *6-7. The court dismissed the plaintiffs' negligent misrepresentation claim as a matter of law on the grounds that, *inter alia*, the plaintiffs, as sophisticated investors, "failed to plausibly allege reasonable reliance on Citigroup's alleged misrepresentations." *Id.* at *20. In so holding, the Court stated that the plaintiffs were not shielded "'from the duty to conduct their own research

3

and analysis of United Stated-based investments and publicly available interest rates.'" *Id.* at *17 (citing from the court's earlier decision in the same case, 740 F. Supp.2d 441, 451 n. 8 (S.D.N.Y. 2010)). The court also stated that the fact that the plaintiffs had never previously invested in the subject securities, "does not excuse Plaintiffs' failure to conduct the diligence expected of a pension fund and private investment company or its designated agents." *Id.* Significantly, the only parties that were permitted to maintain a negligent misrepresentation claim in *Terra Securities* were the municipalities, not the sophisticated financial parties. *Terra Securities ASA Kondursbo, et al. v. Citigroup, Inc., et al.*, 740 F. Supp.2d 441, 455-56 (S.D.N.Y. 2010); *Terra Securities*, 2011 U.S. Dist. LEXIS 118615 at 20. Because the Plaintiff in this action is an undoubtedly a sophisticated financial party, it cannot adequately allege the reasonable reliance element of its negligent misrepresentation claim.

In addition, Plaintiff admits that it was well aware of the fact that o portion of the Funds' assets would be invested with Madoff. (Compl. ¶ 15; Pl. Opp. Br. at 6). Plaintiff had the expertise and ability to conduct its own due diligence of Madoff, including, *inter alia*, performing its own analysis of Madoff's strategy. While the Plaintiff's Complaint vaguely references a number of red flags that it claims, should have put the Funds on notice of Madoff's fraud (Complaint ¶ 21), the Complaint fails to explain why Plaintiff itself should not have been similarly aware of such red flags since it had equal access to this information. These allegations, in and of themselves, undermine the necessary element of reasonable reliance.

### III.

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE TEXAS SECURITIES ACT

As discussed at length at Point II of the Tremont Reply Brief, Texas conflict of laws principles dictate that New York law applies to Plaintiff's negligent misrepresentation claims. As a result, any claims based on the TSA should be dismissed because that statute does not apply

4

to the transactions at issue in the Complaint. However, even if the TSA can be deemed to apply here, those claims still fail because (a) the Plaintiff was not a purchaser of a security sold by the Funds; and (b) the Complaint fails adequately to allege a false statement or omission.

### A. The TSA Does Not Apply to the Transactions at Issue in the Complaint

The TSA is wholly inapplicable in this case because the transactions at issue do not have the requisite connection to the State of Texas. When the application of the TSA is challenged, as it is here, Courts apply the substantial relationship test to resolve the issue. *See Lutheran Bhd. v. Kidder Peabody & Co.*, 829 S.W.2d 300, 309-310 (Tex. App. 1992), *writ granted w.r.m.,* 840 S.W.2d 384 (Tex. 1992). The factors that are used to determine whether a substantial relationship exists are articulated in Point II of the Tremont Reply Brief, which the Funds hereby adopt and incorporate by reference. When those factors are applied to this case, it is clear that the State of Texas does not have the necessary relationship with the transactions at issues sufficient to justify the application of the TSA. As a result, this claim must be dismissed in its entirety.

### B. The Plaintiff Is Not a Purchaser of Securities and Thus Lacks Standing Under the TSA

Even if the TSA applies to the transactions at issue in the Complaint, the claim asserted thereunder must nevertheless be dismissed because the Trust was not a purchase of securities. For this point, the Funds hereby adopt and incorporate the legal arguments and authorities set forth in Point III.A of the Tremont Reply Brief.

### C. The Complaint Fails Adequately To Allege a False Statement or Omission

The Funds hereby adopt and incorporate the legal arguments and authorities set forth in Point III.B of the Tremont Reply Brief.

5

## CONCLUSION

For the foregoing reasons, and those set forth in the Tremont Reply Brief, the Funds' motion to dismiss should be granted and the complaint should be dismissed as against the Funds in its entirety.

Dated: New York, New York
April 25, 2012

                TANNENBAUM HELPERN
                SYRACUSE & HIRSCHTRITT LLP

                By: /s/ David J. Kanfer
                    Ralph A. Siciliano
                    siciliano@thsh.com
                    Jamie B.W. Stecher
                    stecher@thsh.com
                    David J. Kanfer
                    kanfer@thsh.com
                    900 Third Avenue
                    New York, New York 10022
                    (212) 508-6700

                *Attorneys for Defendants*
                *Tremont Opportunity Fund III, L.P.*
                *Tremont International Insurance Fund L.P.*