IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
IN RE TREMONT SECURITIES LAW,     :
STATE LAW AND INSURANCE     :     Master File No.
LITIGATION     :     08 Civ. 11117 (TPG)
-----------------------------------------------------------------:
This Document Relates to:     :
Insurance Action, 09 Civ. 557 (TPG),     :
Specifically to:     :
     :
F. DANIEL PRICKETT,     :     09 Civ. 3137 (TPG)
     :
     Plaintiff,     :
     :     ECF Case
     - against -     :     Electronically Filed
     :
NEW YORK LIFE INSURANCE COMPANY,     :
et al.,     :
     :
     Defendants.     :
-----------------------------------------------------------------x

### DEFENDANT OPPENHEIMER ACQUISITION CORP'S
### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
### OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

David A. Kotler
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer
Acquisition Corp.*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ......................................................................................................... 3

I.    PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS
AGAINST OAC FAIL AS A MATTER OF LAW .................................................. 3

II.    PLAINTIFF'S AIDING AND ABETTING CLAIM AGAINST OAC FAILS AS
A MATTER OF LAW ...................................................................................... 4

        A.    Plaintiff Has Not Alleged OAC's Actual Knowledge ........................... 4

        B.    Plaintiff Has Not Alleged OAC's Substantial Assistance ..................... 6

III.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM AGAINST OAC FAILS AS A
MATTER OF LAW .......................................................................................... 8

IV.    PLAINTIFF SHOULD NOT BE GRANTED YET ANOTHER OPPORTUNITY
TO AMEND HIS DEFICIENT COMPLAINT AGAINST OAC ................................ 9

CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Abbatiello v. Monsanto Co.*,
   522 F. Supp. 2d 524 (S.D.N.Y. 2007)........................................................................................3

*Atkins v. Bohrer*,
   11 Civ. 4939, 2011 WL 6779311 (S.D.N.Y. Dec. 23, 2011)................................................10

*Bonilla v. Smithfield Assocs. LLC*,
   09 Civ. 1549, 2009 WL 4457304 (S.D.N.Y. Dec. 4, 2009)....................................................4

*Horvath v. Banco Comercial Portugues, S.A.*,
   No. 11 Civ. 1058, 2012 WL 497276 (2d. Cir. Feb. 16, 2012)................................................9

*In re Bayou Hedge Funds Inv. Litig.*,
   472 F. Supp. 2d 528 (S.D.N.Y. 2007)....................................................................................9

*In re Sharp Int'l Corp.*,
   403 F.3d 43 (2d Cir. 2005)......................................................................................................7

*In re Tremont Sec. Law, State Law and Insurance Litig.*,
   08 Civ. 11117........................................................................................................................10

*Int'l Customs Assocs. v. Ford Motor Co.*,
   893 F. Supp. 1251 (S.D.N.Y. 1995).......................................................................................9

*Kaufman v. Cohen*,
   307 A.D.2d 113 (1st Dep't 2003) ...........................................................................................7

*Law Debenture v. Maverick Tube Corp.*,
   No. 06 Civ. 14320, 2008 WL 4615896 (S.D.N.Y. Oct. 15, 2008), *aff'd,* 595 F.3d 458
   (2d Cir. 2010)..........................................................................................................................9

*Newman v. Family Mgmt. Corp.*,
   748 F. Supp. 2d 299 (S.D.N.Y. 2010)....................................................................................5

*O'Brien v. Nat'l Prop. Analysts Partners*,
   719 F. Supp. 222 (S.D.N.Y. 1989) .........................................................................................4

*Prime Mover Cap. Partners, L.P. v. Elixir Gaming Techs., Inc.*,
   793 F. Supp. 2d 651 (S.D.N.Y. 2011).....................................................................................8

*Rosner v. Bank of China*,
   No. 06 Civ. 13562, 2008 WL 5416380 (S.D.N.Y. Dec. 18, 2008), *aff'd,* 349 F. App'x
   637 (2d Cir. 2009)...................................................................................................................7

*Silverman Partners, L.P. v. First Bank*,
    687 F. Supp. 2d 269 (E.D.N.Y. 2010) ...................................................................5

*Weinstein v. eBay, Inc.*,
    No. 10 Civ. 8310, 2011 WL 2555861 (S.D.N.Y. June 27, 2011)...............................8

*Zutty v. Rye Select Broad Mkt. Prime Fund. L.P.*,
    No. 113209/09E, 2011 WL 5962804 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 15, 2011).....................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ............................................................................................1, 3

Fed. R. Civ. P. 11 ...................................................................................................7

## PRELIMINARY STATEMENT

Recognizing that his claims against OAC cannot withstand the present motion to dismiss, Plaintiff uses his Opposition ("Opp.") to entirely recast his theories of liability as against OAC. Plaintiff now concedes (as he must) that OAC never had any knowledge of Madoff's Ponzi scheme. Plaintiff likewise does not dispute that OAC never was involved in the management or oversight of his life insurance contract, his Rye Fund investment, or Tremont's relationship with Madoff. Nor does Plaintiff challenge that each of his claims is subject to the particularity requirements of Fed. R. Civ. P. 9(b). Consequently, Plaintiff asks this Court either to keep OAC in this litigation based solely on its benign role as the parent holding company of Tremont Group, or to allow him to replead in a third attempt to muster viable claims against OAC. The new theories advanced by Plaintiff in his Opposition are as legally bereft as those contained in his initial and Amended Complaints. The Court now should dismiss the Amended Complaint as against OAC with prejudice.

Plaintiff's fraud and negligent misrepresentation claims against OAC fail as a matter of law because Plaintiff cannot identify -- as he must under well-established law -- any representation made by OAC. Plaintiff's attempt to circumvent this clear pleading requirement by somehow attributing Tremont's alleged misrepresentations to OAC is not only legally impermissible, but entirely illogical. Plaintiff's failure even to attempt to meet any of the other requisite elements of these claims only reinforces the appropriateness of dismissal.

Plaintiff's aiding and abetting claim against OAC fails because he cannot demonstrate either -- let alone both -- OAC's actual knowledge of, or substantial assistance in, Tremont's alleged breach of fiduciary duty. Because Plaintiff (now) correctly recognizes that he cannot allege OAC's knowledge of Madoff's fraud, he attempts to plug this hole by raising a new

argument that certain press reports and peer concern that Madoff might be "front-running trades" should have tipped OAC off to the deficient nature of Tremont's due diligence.  These allegations could not be more irrelevant.  Plaintiff does not even allege that OAC had actual knowledge of any purported (but ultimately incorrect) concerns that Madoff was "front-running" trades, let alone explain how such knowledge could even theoretically imply OAC's actual knowledge of Tremont's underlying breach of fiduciary duty concerning Madoff's Ponzi scheme.  Nor can Plaintiff's recycled allegations that OAC was Tremont Group's parent, without any conceivable role by OAC in Tremont Partner's alleged wrongdoing, suffice to plead substantial assistance.

Plaintiff's unjust enrichment claim against OAC fails because Plaintiff cannot identify any benefit that OAC ever received from Plaintiff's Madoff-related investment.  Nor does Plaintiff show any equitable basis on which OAC -- which Plaintiff concedes had no knowledge of Madoff's fraud and did not play any role in his investments or in Madoff's fraud -- should be required to subsidize his alleged losses.

In sum, each of Plaintiff's claims against OAC remains premised solely on OAC's status as Tremont's parent company and the implausible assumption that OAC's purpose in purchasing Tremont in 2001 for $145 million was not to diversify into the growing hedge fund sector, but instead to deal itself into a share of the largest financial fraud in history.  These premises remain as irrational as they are factually and legally void; Plaintiff's claims against OAC therefore remain ripe for dismissal.

<u>**ARGUMENT**</u>

**I.     PLAINTIFF'S FRAUD AND NEGLIGENT MISREPRESENTATION CLAIMS
        AGAINST OAC FAIL AS A MATTER OF LAW**

Plaintiff's fraud and negligent misrepresentation claims remain legally deficient because,
among other reasons, he does not identify any representation made by OAC, let alone satisfy the
applicable Rule 9(b) particularity standard. *See*, in addition to cases cited in OAC's opening
brief ("OAC Br.") at 8-9, *Abbatiello v. Monsanto Co.*, 522 F. Supp. 2d 524, 534 (S.D.N.Y. 2007)
(dismissing fraud claim because "the complaint does not satisfy the requirements of Rule 9(b) of
identifying specific misrepresentations made by [defendant] to the [plaintiffs]"). Plaintiff
attempts to avoid this failure by a footnote argument that fraud claims may be premised on a
"trick [or] device," or an agency relationship. Opp. at 4 n.5. However: Plaintiff's Complaint
does not allege any "trick" by OAC; he does not aver an agency relationship; and, the non-
binding authority that Plaintiff offers does not create a new pleading standard or eliminate the
basic elements of claims for fraud or negligent misrepresentation. Consequently, like the New
York state court that recently dismissed a similar fraud claim against OAC, this Court should
dismiss Plaintiff's claim for failure "to allege the most rudimentary element of a fraud claim --
that OAC ever made a representation to them." *Zutty v. Rye Select Broad Mkt. Prime Fund. L.P.*,
No. 113209/09E, 2011 WL 5962804, at *13 (N.Y. Sup. Ct. N.Y. Cnty. Apr. 15, 2011).

Moreover, Plaintiff's failure to allege any of the remaining elements of his fraud claim –
e.g., falsity, intent, reliance, or causation -- provides ample and independent grounds to dismiss
that claim. *See* OAC Br. at 9-11. Similarly, Plaintiff's negligent misrepresentation claim should
be dismissed due to Plaintiff's failure to allege a "privity-like" relationship between Plaintiff and
OAC. *See id.* at 11-13. Plaintiff's refusal to address these glaring (and fundamental) pleading
deficiencies in his Opposition is not only telling, but also warrants dismissal. *See Bonilla v.*

*Smithfield Assocs. LLC*, 09 Civ. 1549, 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009)

(dismissing claim as abandoned because plaintiff "fail[ed] to respond" to two of the three

arguments for dismissal of its claim).

## II.   PLAINTIFF'S AIDING AND ABETTING CLAIM AGAINST OAC FAILS AS A MATTER OF LAW

Despite devoting over twenty-five paragraphs of his Amended Complaint in an effort to

establish OAC's knowledge of Madoff's fraud, Plaintiff now concedes what was readily

apparent three years ago when he first filed this action: OAC had no knowledge that Madoff was

running a Ponzi scheme.  Opp. at 3.  Instead, Plaintiff now argues that he need only allege OAC

was Tremont's parent company and that OAC should have known Tremont's due diligence was

insufficient because unidentified competitors may have suspected Madoff was front-running

trades.  *Id.*  Whether OAC *should have known* of Madoff's Ponzi scheme or *should have known*

of alleged front-running concerns makes no difference; as a matter of law, neither demonstrates

OAC's actual knowledge that Tremont's due diligence purportedly violated its fiduciary duties.[1]

### A.   Plaintiff Has Not Alleged OAC's Actual Knowledge

Acknowledging that he cannot allege OAC's knowledge of Madoff's fraud, Plaintiff

relies on irrelevant factual allegations of Madoff's suspected trade front-running in an effort to

demonstrate OAC's knowledge that Tremont's due diligence was insufficient.  Specifically,

Plaintiff alleges that OAC should have: (1) known about competitor financial firms' concern that

Madoff potentially was front-running trades, (2) suspected Madoff was "likely running an illegal

front-running operation or at least improperly subsidizing his hedge fund returns," and (3) known

---

[1]      Moreover, separate and apart from their legal futility and factual hopelessness, this Court should disregard Plaintiff's new arguments because "it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."  *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) (disregarding statements in plaintiff's opposition).

of "red flags" indicating the possibility of trade front-running because OAC was "privy" to Tremont's knowledge. Opp. at 3, 21-22.

Plaintiff's new actual knowledge theory fares no better than his prior speculation that OAC knew of Madoff's Ponzi scheme. Not only does it have nothing to do with the Madoff Ponzi scheme that gave rise to this lawsuit or Plaintiff's losses, but Plaintiff's new theory fails legally because he argues only that OAC *should have known* of its competitors' purported "trade front-running" concerns (Am. Compl. ¶ 121), not that OAC had actual knowledge of this supposed skepticism.

As such, even if Plaintiff somehow could allege OAC's actual knowledge of these irrelevant trade-front running concerns (which he cannot), Plaintiff's "new" conjecture theory, like its predecessor, remains hinged on the illogical and legally deficient premise that OAC *should have known* of certain red flags that *must have* shown Madoff's fraud and therefore *would have* revealed that Tremont's due diligence was inadequate. *See*, in addition to cases cited in OAC Br. at 14-15, *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 286 (E.D.N.Y. 2010) (granting motion to dismiss aiding and abetting claim because "red flags" allegations insufficient "to give rise to a strong inference of actual knowledge" of the underlying wrong). As Judge Sand recently recognized, in words equally applicable here:

> For twenty years, Madoff operated this fraud without being discovered and with only a handful of investors withdrawing their funds as a result of their suspicions. The actions of the minority cannot support an inference of intent to defraud as to the numerous other investors who were still in the dark. An inference of scienter here is simply not as cogent and compelling as the opposing inference of nonfraudulent intent.

*Newman v. Family Mgmt. Corp.*, 748 F. Supp. 2d 299, 311 (S.D.N.Y. 2010) (internal quotations omitted).

Lastly, Plaintiff characterizes his allegations as having shown that OAC "was aware" or "knew" that "the Tremont Defendants were not taking adequate steps to protect their investors." Opp. at 21-22.  But the allegations Plaintiff relies on do not allege OAC's actual knowledge that Tremont's due diligence on Madoff was deficient.  For example, Plaintiff heralds his paragraph 127 as alleging OAC's actual knowledge of Tremont's fiduciary breach, but that paragraph alleges only that OAC knew Tremont invested with Madoff and "pressed forward with the Tremont Advisers acquisition."  *See also* Am. Compl. ¶ 121 (conclusorily alleging only that OAC was "aware of … numerous 'red flags' or indicators of gross irregularities in *Madoff's operations*").  Plaintiff's gross embellishment of his actual knowledge allegations does nothing to alter their legal insufficiency.

### B.    Plaintiff Has Not Alleged OAC's Substantial Assistance

Plaintiff still has not and cannot properly allege OAC's substantial assistance in Tremont's purported breach of fiduciary duty.  To be sure, Plaintiff now argues that OAC substantially assisted Tremont's breach by: (1) "commenc[ing] a marketing campaign touting the Tremont Defendants' capabilities, (2) provid[ing] the Tremont Defendants with the opportunity to attract larger numbers of investors, and (3) using its "formidable marketing and distribution infrastructure [to] enable [] the Tremont Defendants to cast an extraordinarily wide net to attract investors . . . ."  Opp. at 23.  These arguments continue to miss the mark.

Even if Plaintiff's Amended Complaint actually made any of the above allegations (which it does not[2]), none of these allegations has any nexus to Tremont's due diligence, let

---

[2]      Once again, Plaintiff's Opposition blatantly distorts the factual allegations contained in his Amended Complaint.  None of the Amended Complaint paragraphs Plaintiff cites does anything more than benignly describe OAC's acquisition and ownership of Tremont, *e.g.*: (1) "MassMutual determined . . . to accelerate its involvement" in the hedge fund arena (Am. Compl. ¶ 107), (2) OAC was the entity "designated to pursue a deal with Tremont Advisers" (*id.* ¶ 108), and (3) "Tremont Advisers' operations . . . were directly under the MassMutual Financial Group umbrella," (*id.*  ¶ 133).

alone shows that OAC substantially assisted Tremont in conducting the allegedly inadequate due diligence.  Plaintiff simply cannot link OAC's purported "formidable marketing and distribution infrastructure" (Opp. at 23) to Tremont's alleged failure to conduct sufficient due diligence on Madoff.  Nor does Plaintiff allege that he invested through (or even knew of) this purported "marketing and distribution infrastructure."  Plaintiff thus fails to establish -- as he must to state an aiding and abetting claim -- that OAC's substantial assistance "proximately caused the harm on which the primary liability is predicated."  *Rosner v. Bank of China*, No. 06 Civ. 13562, 2008 WL 5416380, at *12 (S.D.N.Y. Dec. 18, 2008) (finding allegations of "'but for' causation . . . not sufficient to establish aider and abettor liability"), *aff'd*, 349 F. App'x 637 (2d Cir. 2009).

As a fall-back, Plaintiff argues that OAC "invested billions of dollars of other people's money with [Madoff]."  Opp. at 2.  Plaintiff cites nothing in support of this reckless allegation, nor could he do so consistent with Rule 11 because it is patently false.  OAC is strictly a holding company; it has no clients, and therefore could not possibly invest "other people's money" with anyone.  Similarly, Plaintiff argues that OAC substantially assisted Tremont's poor due diligence because OAC "did absolutely nothing to protect investors . . . ."  *Id.* at 3-4.  However, Plaintiff alleges no basis on which OAC conceivably owed any Tremont investor any legal duties, let alone a legal duty "to protect" an insurance policy holder who was not even a limited partner of any Tremont sponsored fund -- such as Plaintiff.  Because "the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff," Plaintiff's inaction argument does not save his claim.  *In re Sharp Int'l Corp.,* 403 F.3d 43, 50 (2d Cir. 2005); *Kaufman v. Cohen*, 307 A.D.2d 113, 126 (1st Dep't 2003) (affirming dismissal of aiding and abetting claim where Defendant did not "affirmatively assist[], help[] conceal or fail to act when required to do so, thereby enabling the breach to occur").

At bottom, Plaintiff's substantial assistance allegations wildly miss the mark because in reality he is attempting to fashion an aiding and abetting claim on nothing more than OAC's status as a corporate parent -- which necessarily fails because it contravenes the "well established" principle "that a parent is not liable for the actions of its subsidiary absent facts sufficient to pierce the corporate veil." *Weinstein v. eBay, Inc.*, No. 10 Civ. 8310, 2011 WL 2555861, at *2 (S.D.N.Y. June 27, 2011).[3]

## III.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM AGAINST OAC FAILS AS A MATTER OF LAW

Plaintiff's Opposition also does nothing to rebut OAC's demonstration that the Complaint fails to plead any of the elements of his unjust enrichment claim.  OAC Br. at 19-21.

First, Plaintiff's vague assumption that OAC was "the ultimate beneficiar[y] of the improper fees collected by the Tremont Defendants" (Opp. at 19-20) is legally insufficient because Plaintiff does not allege the requisite "specific and direct benefit" received by OAC or that OAC actually ever received any of the purported "improper fees." *See Prime Mover Cap. Partners, L.P. v. Elixir Gaming Techs., Inc.*, 793 F. Supp. 2d 651, 679 (S.D.N.Y. 2011) (dismissing unjust enrichment claim for failure to allege a "direct benefit" to defendant where plaintiff pled that "revenue . . . went to [another party] for the ultimate benefit of the [defendant]").  Plaintiff's attempt to support his "upstream beneficiary theory" by citing MassMutual's entirely proper disclosure of its receipt of "revenue for certain recordkeeping and other services" from a non-party that had no Madoff-related involvement, *OFI* (Opp. at 20 n.18), in no way shows that *OAC* received any of the fees Plaintiff paid to New York life.

---

[3]      OAC incorporates the Tremont Defendants' and MassMutual Defendants' responses to Plaintiff's arguments that he has standing to assert his unjust enrichment and aiding and abetting breach of fiduciary duty claims.  The Tremont Defendants' Reply Memorandum Of Law In Further Support Of Their Motion To Dismiss The Amended Complaint Point I; Reply Memorandum Of Law In Support Of The MassMutual Defendants' Motion To Dismiss The Complaint at Point IV.

Second, even if Plaintiff's speculation sufficed as an allegation of a benefit received by OAC (which it does not), Plaintiff simply does not and cannot allege that such benefit in any way was connected to any fees Plaintiff paid to New York Life pursuant to his insurance policy.  *See* OAC Br. at 19.  Absent a well-pled allegation that OAC benefitted at *his* expense, Plaintiff's unjust enrichment claim must fail.  *In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007) (unjust enrichment claim dismissed where plaintiffs failed to allege defendant received any fees that "belonged to or came from plaintiffs").

Third, OAC's status as Tremont's parent simply does not constitute the equitable basis required to state an unjust enrichment claim against OAC.  OAC Br. at 19; *see Int'l Customs Assocs. v. Ford Motor Co.*, 893 F. Supp. 1251, 1258 (S.D.N.Y. 1995) (dismissing quantum merit claim against parent company where plaintiff only alleged a benefit received by subsidiary),[4] *aff'd,* 201 F.3d 431 (2d Cir. 1999).

## IV.  PLAINTIFF SHOULD NOT BE GRANTED YET ANOTHER OPPORTUNITY TO AMEND HIS DEFICIENT COMPLAINT AGAINST OAC

Recognizing the inherent weakness of his claims against OAC, Plaintiff attempts to delay dismissal by requesting to file a Second Amended Complaint.  *See* Opp. at 25 n.22.  Plaintiff's request for yet another chance to state a cognizable claim against OAC should be denied. *Horvath v. Banco Comercial Portugues, S.A.*, No. 11 Civ. 1058, 2012 WL 497276, at *3 (2d. Cir. Feb. 16, 2012) (affirming dismissal without leave to amend where plaintiff's "request to

---

[4]      Plaintiff is incorrect that OAC and MassMutual "disagree with each other as to which contract bars Plaintiff's claims.  Opp. at 16.  OAC and MassMutual both clearly identified the VUL policy and the LPA as the governing contracts.  OAC Br. at 19, MassMutual Br. at 13.  Plaintiff's antics aside, any purported "fees" at issue clearly were paid pursuant to a binding contract, and the unjust enrichment claim should be dismissed on this ground alone.  *See Law Debenture v. Maverick Tube Corp.*, No. 06 Civ. 14320, 2008 WL 4615896, at *12-13 (S.D.N.Y. Oct. 15, 2008) (surveying cases and concluding that under New York law, "a claim for unjust enrichment, even against a third party, cannot proceed when there is an express agreement between two parties governing the subject matter of the dispute"), *aff'd,* 595 F.3d 458 (2d Cir. 2010).

amend [his] complaint on the final page of his brief in opposition to defendants' motion to

dismiss, in boilerplate language and without explanation as to why leave to amend [is]

warranted").  Plaintiff's request cannot be considered without recognizing that this Court has

already implemented a procedure whereby Plaintiff expressly was given the opportunity either to

amend his complaint or stand on his initial pleading.  *In re Tremont Sec. Law, State Law and

Insurance Litig.*, 08 Civ. 11117, Dkt. No. 636.  After having had abundant time to investigate his

claims and survey other high profile Madoff-related proceedings -- including numerous lawsuits

asserting the very same claims Plaintiff asserts here – Plaintiff amended his complaint.  Plaintiff

should not be permitted a third bite at this apple.  *See Atkins v. Bohrer*, 11 Civ. 4939, 2011 WL

6779311, at *9 (S.D.N.Y. Dec. 23, 2011) (denying leave to amend where plaintiff "had already

been given an opportunity to amend his pleadings and he took advantage of that opportunity").

## CONCLUSION

For the foregoing reasons, as well as those set forth in its opening brief, OAC respectfully

submits that its motion to dismiss the Amended Complaint should be granted, and that the claims

against it should be dismissed in their entirety and with prejudice.

Dated: May 1, 2012

DECHERT LLP

By: /s/ David A. Kotler
David A. Kotler
david.kotler@dechert.com
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer
Acquisition Corp.*

14392639