UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
IN RE TREMONT SECURITIES LAW, STATE LAW AND INSURANCE LITIGATION : Master File No.
08 Civ. 11117 (TPG)
-------------------------------------------------
This Document Relates to: INSURANCE ACTION, 09 Civ. 557 (TPG), and specifically to: :

:

YALE M. FISHMAN 1998 INSURANCE TRUST, :

Plaintiff, :
: 11 Civ. 1283 (TPG)
- against - 

:
PHILADELPHIA FINANCIAL LIFE ASSURANCE COMPANY,
:

Defendants. :
-----------------------------------------------
YALE M. FISHMAN 1998 INSURANCE TRUST, et ano, :

Plaintiffs, :

- against - :

GENERAL AMERICAN LIFE INSURANCE COMPANY, et al., : 11 Civ. 1284 (TPG)

:
Defendants.
------------------------------------------------- x

**THE TREMONT AND RYE FUNDS' JOINDER IN THE TREMONT DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINTS**

On April 13, 2012, the Funds[1] joined in the Tremont Defendants' motion to dismiss the Amended Complaints in the two Fishman Actions captioned above. In addition to joining, however, the Funds argued that despite their characterization in the caption, no direct claims were being asserted against them. Instead, in both cases, Plaintiffs appear to be suing derivatively on behalf of the Funds. In their Omnibus Opposition Brief, Plaintiffs did not dispute these facts, or otherwise argue that any claims were being asserted directly against the Funds.

However, to the extent that any of the claims asserted in the Amended Complaints can be

---

[1] Capitalized terms shall have the same meaning ascribed to them in the Funds' Initial Joinder (Dkt. No. 746).

construed as being asserted directly against the Funds, those claims should be dismissed for substantially the same reasons as set forth in the Tremont Defendants' Reply Memorandum Of Law In Further Support Of Their Motion To Dismiss The Amended Complaints (Dkt. No. 793) (the "Tremont Defendants' Reply Memorandum"), which the Funds hereby adopt and incorporate by reference.

We also note that in the Omnibus Opposition Brief, Plaintiffs incorrectly describe the Funds as being in liquidation. *See* Omnibus Opposition Brief at 19 fn. 12. With respect to that factual inaccuracy, the Funds respectfully refer this Court to Point I.A. fn.2 of the Tremont Defendants' Reply Memorandum, which they similarly incorporate herein by reference.

## CONCLUSION

For these reasons, and those set forth in our initial moving papers, if this Court finds that the Funds are required to answer the First Amended Complaint, or if any claims can be construed as having been asserted against the Funds directly, then the Court should grant the Funds' motion to dismiss for the reasons articulated by the Tremont Defendants' in their Initial Memorandum of Law (Dkt. No. 733) and their Reply Memorandum (Dkt. No. 793), and award such other and further relief as is just and proper.

Dated: New York, New York
August 27, 2012

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

By: /s/ David J. Kanfer
    Ralph A. Siciliano (siciliano@thsh.com)
    David J. Kanfer (kanfer@thsh.com)
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants Tremont Opportunity Fund III, LP, Rye Select Broad Market Insurance Fund LP, Rye Select Broad Market Prime Fund, LP, and Rye Select Broad Market XL Fund LP*