IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, | : | |
| STATE LAW AND INSURANCE | : | Master File No. |
| LITIGATION | : | 08 Civ. 11117 (TPG) |

-------------------------------------------------------------:

| | | |
|---|---|---|
| This Document Relates to: | : | |
| Insurance Action, 09 Civ. 557 (TPG), | : | |
| Specifically to: | : | |
| | : | |
| CUMMINS INC., as the authorized representative | : | 10 Civ. 9252 (TPG) |
| of the Cummins Inc. Grantor Trust dated | : | |
| September 10, 2007, as amended, | : | |
| | : | |
| | : | ECF Case |
| Plaintiff, | : | Electronically Filed |
| | : | |
| - against - | : | |
| | : | |
| NEW YORK LIFE INSURANCE COMPANY, et | : | |
| al., | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------x

## DEFENDANT OPPENHEIMER ACQUISITION CORP.'S
## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF ITS MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

David A. Kotler
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer
Acquisition Corp.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ........................................................................................................... 3

I.   PLAINTIFF'S FRAUD IN THE INDUCEMENT AND AIDING AND
     ABETTING CLAIMS AGAINST OAC FAIL AS A MATTER OF LAW ..................... 3

     A.   The Group Pleading Doctrine Is Inapplicable As To OAC .................................. 3

     B.   Even If The Group Pleading Doctrine Somehow Could Be Applied,
          Plaintiff Still Has Failed To State A Fraud In The Inducement Or An
          Aiding And Abetting Claim Against OAC ........................................................... 6

II.  PLAINTIFF'S CIVIL CONSPIRACY CLAIM AGAINST OAC FAILS AS A
     MATTER OF LAW ................................................................................................ 9

III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM AGAINST OAC FAILS AS A
     MATTER OF LAW ................................................................................................ 9

CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co.,*
  651 F. Supp. 2d 155 (S.D.N.Y. 2009)......................................................5

*Adelphia Recovery Trust v. Bank of Am., N.A.,*
  624 F. Supp. 2d 292 (S.D.N.Y. 2009)......................................................5

*Adler v. Berg Harmon Assoc.,*
  816 F. Supp. 919 (S.D.N.Y. 1993) ..........................................................5

*Am. Bldg. Maint. Co. v. Acme Prop. Svcs., Inc.,*
  515 F. Supp. 2d 298 (N.D.N.Y. 2007)......................................................9

*Brickman v. Tyco Toys, Inc.,*
  722 F. Supp. 1054 (S.D.N.Y. 1989).........................................................5

*Defer LP v. Raymond James Fin. Inc.,*
  654 F. Supp. 2d 204 (S.D.N.Y. 2009)................................................4, 6, 7

*HICA Educ. Loan Corp. v. Bolte,*
  No. 11 Civ. 6406, 2012 WL 423361 (S.D.N.Y. Feb. 10, 2012) ...............9

*I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co., Inc.,*
  No. 88 Civ. 1543, 1989 WL 31676 (S.D.N.Y. Mar. 30, 1989) ...............6

*In re Bayou Hedge Funds Inv. Litig.,*
  472 F. Supp. 2d 528 (S.D.N.Y. 2007)....................................................10

*In re CRM Holdings Ltd. Sec. Litig.,*
  No. 10 Civ. 975, 2012 WL 1646888 (S.D.N.Y. May 10, 2012).............7

*Janus Capital Grp., Inc. v. First Derivative Traders,* ...................................3
  __ U.S. __, 131 S. Ct. 2296 (2011)

*King Cty., Wash. v. IKB Deutsche Industriebank AG,*
  863 F. Supp. 2d 288 (S.D.N.Y. 2012)......................................................5

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,*
  No. 12 Civ. 3723, 2013 WL 1294668 (S.D.N.Y. Mar. 28, 2013) ...........4

*Newman v. Family Mgmt. Corp.,*
  748 F. Supp. 2d 299 (S.D.N.Y. 2010)......................................................8

*O'Brien v. Nat'l Prop. Analysts Partners,*
  719 F. Supp. 222 (S.D.N.Y. 1989) ..........................................................1

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Sec., LLC*,
    446 F. Supp. 2d 163 (S.D.N.Y. 2006).........................................................................3

*Polar Int'l Brokerage Corp. v. Reeve*,
    108 F. Supp. 2d 225 (S.D.N.Y. 2000)....................................................................3, 6

*Prickett v. N.Y. Life, Inc. Co.*,
    896 F. Supp. 2d 236 (S.D.N.Y. 2012)....................................................................8, 9

*Prime Mover Cap. Partners, L.P. v. Elixir Gaming Techs., Inc.*,
    793 F. Supp. 2d 651 (S.D.N.Y. 2011).....................................................................10

*Rolin v. Spartan Mullen Et Cie, S.A.*,
    No. 10 Civ. 1586, 2011 WL 5920931 (S.D.N.Y. Nov. 23, 2011) .........................3, 7

*Silverman Partners, L.P. v. First Bank*,
    687 F. Supp. 2d 269 (E.D.N.Y. 2010) ......................................................................8

*SSR II, LLC v. John Hancock Life Ins. Co.*,
    No. 652793/2011, 2012 WL 4513354 (N.Y. Sup. Ct. N.Y. Cty. Sept. 28, 2012) ....8

*Woori Bank v. Citigroup Inc.*,
    No. 12 Civ. 3868, 2013 WL 1235648 (S.D.N.Y. Mar. 27, 2013) ............................6

*Yung v. Lee*,
    160 F. App'x. 37 (2d Cir. 2005) ...............................................................................4

*Zutty v. Rye Select Broad Market Prime Fund, L.P.*,
    939 N.Y.S.2d 745 (N.Y. Sup. Ct. N.Y. Cty. 2011)..................................................8

STATUTES

N.Y. GEN. BUS. LAW § 349..............................................................................................1

## PRELIMINARY STATEMENT

Plaintiff's Omnibus Response to Defendants' Motion To Dismiss The Third Amended Complaint ("Opp.") does not begin to rebut the numerous legal bases requiring dismissal of Oppenheimer Acquisition Corp. ("OAC") from this case.  Plaintiff does not address any of OAC's substantive legal arguments; nor does Plaintiff rebut any of the dispositive case law cited by OAC.  In fact, Plaintiff devotes a mere two pages of its thirty-five page brief to the arguments raised by OAC in its moving brief.  Plaintiff's cursory efforts at defending its fraud in the inducement, aiding and abetting, conspiracy, and unjust enrichment claims against OAC are insufficient to save its Third Amended Complaint ("TAC") from dismissal with prejudice.[1]

Plaintiff concedes that it never had any interaction with OAC, much less that OAC ever made any representations to it.  Instead, Plaintiff argues only that purported misstatements made by other defendants should be attributed to OAC based on the group pleading doctrine.  However, as a matter of law, OAC's status as the corporate parent of Tremont Group Holdings, Inc. (which itself did not make any statements to Plaintiff, let alone any alleged misstatements) is a legally insufficient basis to tie OAC to the purported misrepresentations made in the Tremont Opportunity Fund, III's (the "Opportunity Fund") offering documents.  Plaintiff's allegations that OAC "audited" and "oversaw" certain of Tremont's operations do not change this result, as these allegations do not demonstrate any involvement by OAC in drafting the Opportunity Fund's allegedly misleading materials.  And, in any event, Plaintiff does not even attempt to argue that it has satisfied any of the other elements of a fraud claim as against OAC.

---

[1]      Contrary to Plaintiff's Opposition (*see* Opp. at 3, 35), the Third Amended Complaint does not assert a claim against OAC for a violation of General Business Law § 349.  TAC Count VIII (asserting a § 349 claim "against New York Life and Tremont").  Having failed to allege this claim in the Third Amended Complaint (or in any of Plaintiff's prior complaints), Plaintiff cannot do so via its opposition brief.  *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

1

Plaintiff's aiding and abetting claims likewise fail because Plaintiff ignores the clear legal authority holding that allegations of "red flags" are insufficient to plead OAC's knowledge of Tremont's purported fraud and breach of fiduciary duty.  Aside from erroneously resting on the applicability of the group pleading doctrine, Plaintiff also does not (because it cannot) point to any conduct by which OAC substantially assisted in any purported underlying fraud or breach of fiduciary duty.

Plaintiff properly concedes that the group pleading doctrine does not apply to civil conspiracy claims, yet argues that the same allegations supporting application of the group pleading doctrine also plead a conspiracy.  However, none of these allegations demonstrates -- as required to allege a civil conspiracy claim -- that OAC entered into an agreement, undertook an act in furtherance of that agreement, or intentionally participated in the furtherance of a plan.  Plaintiff's conspiracy claim is thus ripe for dismissal.

Finally, Plaintiff's unjust enrichment claim fails because Plaintiff merely states in passing that, "to the extent OAC . . . profited from those deceptive acts at Cummins' expense, [OAC was] unjustly enriched."  Opp at 35.  Plaintiff fails to allege any benefit actually received by OAC, let alone a benefit at Plaintiff's expense.

By failing to address OAC's well-reasoned legal arguments for dismissal and instead reaching to apply statements in the Opportunity Fund's offering documents to OAC, Plaintiff effectively concedes that each of its claims against OAC is premised solely on (i) OAC's status as Tremont's parent company, and (ii) the implausible assumption that OAC purchased Tremont in 2001 for $145 million not to diversify into the growing hedge fund sector, but instead to deal itself into the largest financial fraud in history.  These premises remain as irrational as they are factually and legally void; Plaintiff's claims against OAC should be dismissed with prejudice.

<u>ARGUMENT</u>

I.    **PLAINTIFF'S FRAUD IN THE INDUCEMENT AND AIDING AND ABETTING CLAIMS AGAINST OAC FAIL AS A MATTER OF LAW**

A.    **The Group Pleading Doctrine Is Inapplicable As To OAC**

To justify fraud in the inducement and aiding and abetting claims that do not allege any statements (let alone misstatements) by OAC, Plaintiff asserts that by virtue of the group pleading doctrine, "it may be presumed at this stage that OAC . . . participated in drafting the Tremont PPM and other Tremont-authored Offering Materials." Opp. at 35. Plaintiff's "presumption" is wrong as a matter of law. As Courts in this District consistently have held, the group pleading doctrine "is extremely limited in scope, applying only to clearly cognizable corporate insiders with active daily roles in the relevant companies or transactions." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 446 F. Supp. 2d 163, 180 (S.D.N.Y. 2006).[2] Despite filing multiple complaints, Plaintiff does not (and cannot) allege that OAC had the requisite involvement either in Tremont's daily business or in drafting the Opportunity Fund's offering documents needed to invoke the group pleading doctrine here. *See Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 238 (S.D.N.Y. 2000) (group pleading doctrine inapplicable where complaint fails to allege "direct involvement in the daily activities of the relevant companies or intimate knowledge of the challenged transaction" or to "otherwise connect the [defendants] to the Offer or the Offer Documents").

---

[2]    Indeed, the Supreme Court's decision in *Janus Capital Grp., Inc. v. First Derivative Traders* that an investment advisor to a fund could not be held liable for statements in the fund's prospectus because the advisor did not have "authority over the content of the statement and whether and how to communicate it," and therefore did not "make" those statements, calls into question whether the group pleading doctrine remains viable at all. __ U.S. __, 131 S. Ct. 2296, 2303 (2011); *see Rolin v. Spartan Mullen Et Cie, S.A.*, No. 10 Civ. 1586, 2011 WL 5920931, at *5 (S.D.N.Y. Nov. 23, 2011) (stating that it "is an open question" whether the group pleading doctrine remains viable after the Supreme Court's decision in *Janus*). To the extent that the Court finds that *Janus* abrogated the group pleading doctrine, Plaintiff's claims should be dismissed for that reason alone.

As recognized by Judge Kaplan, Plaintiff's allegations that OAC was Tremont's parent holding company are insufficient as a matter of law to establish the direct relationship necessary to invoke the group pleading doctrine.  *Defer LP v. Raymond James Fin. Inc.*, 654 F. Supp. 2d 204, 214 (S.D.N.Y. 2009) (group pleading doctrine "would not link . . . the corporate parent . . . to the statements attributable to [subsidiary]" without allegations of direct involvement); *accord Yung v. Lee*, 160 F. App'x. 37, 42 (2d Cir. 2005) (group pleading doctrine inapplicable where complaint asserts only that defendant "owns and controls" other corporate defendants).  Nor can Plantiff's conclusory assertion that OAC "[was] aware of and actively participated in the drafting and dissemination of the Tremont PPM and other Offering Materials," (Opp. at 11) establish that OAC was a Tremont "insider" such that statements in those documents may be attributed to OAC.  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 12 Civ. 3723, 2013 WL 1294668, at *9 (S.D.N.Y. Mar. 28, 2013) ("interaction between the corporate entities relating to the subject matter of the alleged fraudulent misstatement" must be "more than conclusory").

Moreover, that OAC shared two directors with Tremont does not "raise an inference at the pleading stage that the Offering Materials authored by Tremont are attributable" to OAC, as Plaintiff suggests.  Opp. at 3.  In fact, those very offering documents state unequivocally that *Tremont Partners* was the party "responsible for managing the day-to-day operations of the [fund]," and for "selecting the [fund's] Managers, allocating assets among Managers, and monitoring the [fund's] investments."  *See* Amended and Restated Confidential Private Placement Memorandum at iv (attached to the Declaration of Jason C. Vigna in support of the Tremont Defendants' Memorandum Of Law In Support Of Their Motion To Dismiss The Third Amended Complaint ("Tremont Br.") as Ex. A).  Where, as here, there is "simply no allegation of interaction among or between those corporate entities sufficient to justify treatment  . . . as

insiders," allegations of overlapping directors are insufficient to warrant application of the group pleading doctrine. *Brickman v. Tyco Toys, Inc.*, 722 F. Supp. 1054, 1061 (S.D.N.Y. 1989) (declining to apply group pleading doctrine to parent companies that owned stock and shared directors with company alleged to have made misrepresentations). Plaintiff's reliance on *Adler v. Berg Harmon Assoc.*, 816 F. Supp. 919 (S.D.N.Y. 1993) (Opp. at 34) does not support the application of the group pleading doctrine here. The *Adler* court made clear that statements in the private placement memoranda in question were attributable to the issuing subsidiary's parent company *specifically because* the companies' shared officer "supervised the preparation and issuance of the PPMs" and "participated in all decisions made for [the subsidiary] during the relevant time period." 816 F. Supp. at 928 & n.20 (distinguishing *Adler* from *Brickman*, where group pleading was inapplicable because "directors were not alleged to have participated in drafting the fraudulent prospectus").[3] Plaintiff does not and cannot allege any such participation by OAC personnel in drafting or issuing the Opportunity Fund's offering documents. Thus, application of the group pleading doctrine here would offend the "[b]asic principles of corporate law" that "absent a rather egregious disregard of corporate formalities, one corporate entity . . . is not automatically responsible for the acts of another entity." *Brickman*, 722 F. Supp. at 1061.

Equally deficient is Plaintiff's attempt to establish OAC's insider status with the allegation that Tremont's Privacy Policy represented Tremont and OAC as "'unified entities' that

---

[3]     None of the other cases cited by Plaintiff supports the application of the group pleading doctrine to OAC. Even the few cases applying the doctrine to corporate entities, as opposed to individual officers and directors, do so where the entities were alleged to have been actively involved in the purported misrepresentations. *King Cty., Wash. v. IKB Deutsche Industriebank AG*, 863 F. Supp. 2d 288, 295 (S.D.N.Y. 2012) (defendant "circulated and received drafts of virtually all of the documents" and "provided potential investors with the allegedly misleading ratings"); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 177 (S.D.N.Y. 2009) (defendant "designed, structured, marketed and maintained the" investment vehicle and "provided to potential investors . . . the alleged misleading ratings" and accompanying documents); *Adelphia Recovery Trust v. Bank of Am., N.A.*, 624 F. Supp. 2d 292 (S.D.N.Y. 2009) (banks "prepared and approved" term sheets for fraudulent loans).

'often work together to provide the financial products and services offered to Tremont clients.'" Opp. at 34.  That affiliated entities provide other financial products not at issue in this case says nothing about whether OAC was "responsible for [the] specific fraudulent conduct" at issue here -- the purported misrepresentations in the Opportunity Fund's offering materials.  *Woori Bank v. Citigroup Inc.*, No. 12 Civ. 3868, 2013 WL 1235648, at *4 n.4 (S.D.N.Y. Mar. 27, 2013) (finding group pleading doctrine inapplicable where complaint did not allege a connection between defendant and the alleged fraud).  Plaintiff's allegations that Tremont -- not OAC -- informed Plaintiff that: (1) OAC "regularly audited" Tremont; (2) OAC's control over Tremont "provided valuable 'checks and balances;'" and (3) OAC's Risk Group oversaw Tremont's selection of managers (Opp. at 34-35) fail to "sufficiently connect [OAC] to the issuance of allegedly fraudulent statements," as necessary to invoke the group pleading doctrine.  *I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.*, No. 88 Civ. 1543, 1989 WL 31676, at *4 (S.D.N.Y. Mar. 30, 1989).  Without specific allegations connecting OAC to the statements in the Opportunity Fund materials, Plaintiff cannot use group pleading to attribute those statements to OAC.  *Defer*, 654 F. Supp. 2d at 214 (group pleading doctrine inapplicable absent allegations that parent company "was involved directly in designing the financial advisors' presentations, selling ARS, or otherwise running [the subsidiary's] business"); *see also Polar Int'l*, 108 F. Supp. 2d at 238 (S.D.N.Y. 2000) (group pleading doctrine inapplicable where nothing in either the complaint or in the offering documents could tie the defendant to the representations therein).

> **B.     Even If The Group Pleading Doctrine Somehow Could Be Applied, Plaintiff Still Has Failed To State A Fraud In The Inducement Or An Aiding And Abetting Claim Against OAC**

Even if OAC was a "clearly cognizable corporate insider" of Tremont such that the group pleading doctrine could be applied here -- and it is not -- Plaintiff's fraud and aiding and abetting claims as to OAC still must be dismissed as a matter of law.  Pursuant to the group pleading

doctrine, "misstatements may be attributed to the individual defendants," but plaintiffs still "must also allege facts sufficient to show that the defendants had knowledge that the statements were false at the time they were made." *Rolin*, 2011 WL 5920931, at *6; *see In re CRM Holdings. Ltd. Sec. Litig.*, No. 10 Civ. 975, 2012 WL 1646888, at *30 (S.D.N.Y. May 10, 2012) (group pleading cannot be used to plead scienter).[4]  Plaintiff's failure to allege OAC's knowledge of the falsity of the alleged misrepresentations is fatal to both its fraud[5] and aiding and abetting claims.[6]

Plaintiff's sole argument in support of OAC's actual knowledge of Tremont's alleged misrepresentations is that the "due diligence that . . . OAC performed subsequent to OAC's 2001 acquisition of Tremont establishes" that OAC "knew or recklessly disregarded that the statements in Tremont's Offering Materials as to oversight of Madoff were untrue."  Opp. at 35. Thus, in spite of Plaintiff's renewed assertion that its claims are "not premised upon defendants' failure to recognize red flags" of Madoff's fraud (Opp. 12), Plaintiff can muster no allegations of OAC's knowledge aside from the assertion that OAC conducted due diligence into Tremont and therefore must have been aware of "numerous gross irregularities in Madoff's operations."  TAC ¶ 87.  As OAC's opening brief ("OAC Br.") explains, courts consistently have held that "red flags" allegations like Plaintiff's are insufficient to allege knowledge in support of either a fraud

---

[4]    The group pleading doctrine is a "limited exception" that "applies only to prospectuses, registration statements, annual reports, press releases, or other group-published information that may be presumed to be the collective work of corporate insiders" and "does not apply to oral statements." *Defer*, 654 F. Supp. 2d at 213.  Thus, if the doctrine applied here (and it does not), it only could apply to statements in Tremont's (not New York Life's) publications and would not apply to oral representations, such as the "Six Percent Misrepresentation" allegedly made at in-person meetings. *See* Opp. at 2.

[5]    Plaintiff also fails to allege falsity and reliance, necessary elements of its fraud claim, as related to the statements in the Opportunity Fund's offering documents. *See* Tremont Br. at Point II.A; Tremont Defendants' Reply Memorandum Of Law In Further Support Of Their Motion To Dismiss at Point I.

[6]    Plaintiff's aiding and abetting claims also fail because Plaintiff alleges only that the group pleading doctrine applies, but fails to address how attributing statements in offering documents to OAC can constitute OAC's substantial assistance in Tremont's alleged fraud and breach of fiduciary duty.

or an aiding and claim.  OAC Br. at 9-13; *see also Silverman Partners, L.P. v. First Bank*, 687 F.

Supp. 2d 269, 286 (E.D.N.Y. 2010) (dismissing aiding and abetting claim because "red flags"

allegations insufficient "to give rise to a strong inference of actual knowledge" of the underlying

wrong); *Newman v. Family Mgmt. Corp.*, 748 F. Supp. 2d 299, 311 (S.D.N.Y. 2010) ("For

twenty years, Madoff operated this fraud without being discovered. . . . An inference of scienter

here is simply not as cogent and compelling as the opposing inference of nonfraudulent intent.").

Recognizing that numerous recent decisions have rejected these same claims, based on

the same set of facts, Plaintiff here alleges that its "claims are materially different" from those

rejected by this Court in *Prickett v. N.Y. Life Ins. Co.*, 896 F. Supp. 2d 236 (S.D.N.Y. 2012) and

by a New York state court in *SSR II, LLC v. John Hancock Life Ins. Co. (U.S.A.)*, No.

652793/2011, 2012 WL 4513354 (N.Y. Sup. Ct. N.Y. Cty Sept. 28, 2012).  However, the

"material differences" that Plaintiff highlights are purported misrepresentations made by

Tremont and New York Life and New York Life's failure to provide Plaintiff with an updated

PPM in July 2007.  *See* Opp. at 11-12.  These allegations do not pertain to OAC or in any way

alter the analysis as to whether OAC had actual knowledge of Tremont's alleged

misrepresentations from that undertaken by the *Prickett* and *SSR II* courts.  *See Prickett*, 896 F.

Supp. 2d at 247 ("red flags" allegations are not "sufficient to support a strong inference that any

defendant made false representations to [plaintiff] with scienter"); *SSR II*, 2012 WL 4513354, at

*6 (noting that "in almost every case" arising from Madoff's scheme, courts have declined to

find liability "for failing to deduce that Madoff was running a Ponzi scheme").  Thus, contrary to

Plaintiff's conclusion that "the reasoning behind the dismissal of the *Prickett* and *SSR II*

complaints" is "inapplicable," those decisions are entirely on point as to OAC.  Opp. at 12.[7]

---

[7]     Plaintiff's assertion that OAC's reliance on *Zutty v. Rye Select Broad Mkt. Prime Fund, L.P.*, 939
N.Y.S.2d 745 (N.Y. Sup. Ct. N.Y. Cty. 2011) is "misplaced" because the *Zutty* complaint did not allege

## II.   PLAINTIFF'S CIVIL CONSPIRACY CLAIM AGAINST OAC FAILS AS A MATTER OF LAW

Plaintiff properly concedes that the group pleading doctrine has no bearing on its civil conspiracy claim, but states, without any legal support, that its conspiracy claim is adequately pled through the same allegations that it contends establish OAC's insider status for purposes of the group pleading doctrine: (1) that OAC and Tremont shared two directors; (2) that Tremont represented OAC and Tremont as "unified entities" that work together; and (3) that OAC audited Tremont, provided "checks and balances," and oversaw Tremont's selection of managers.

Plaintiff fails to establish any of the required elements of its conspiracy claim: (1) an agreement between OAC and at least one other party; (2) an overt act in furtherance of the agreement; (3) OAC's intentional participation in the furtherance of a plan or purpose; and (4) resulting injury. *HICA Educ. Loan Corp. v. Bolte*, No. 11 Civ. 6406, 2012 WL 423361, at *6, 8 (S.D.N.Y. Feb. 10, 2012) (dismissing conspiracy claim for failure to allege an agreement or an act in furtherance thereof). Plaintiff's inability to allege "specific allegations, including the times, facts, and circumstances of the alleged conspiracy" is fatal to its conspiracy claim. *Am. Bldg. Maint. Co. v. Acme Prop. Svcs., Inc.*, 515 F. Supp. 2d 298, 318 (N.D.N.Y. 2007).

## III.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM AGAINST OAC FAILS AS A MATTER OF LAW

Plaintiff's Opposition does nothing to redeem the Third Amended Complaint's failure to plead any of the elements of an unjust enrichment claim. OAC Br. at 19-21. Plaintiff does not even address its concession that it was Tremont and New York Life (not OAC) that received

---

either overlap of officers and directors between OAC and Tremont or due diligence by OAC prior to acquiring Tremont (Opp. at 35 n.23) is immaterial in light of *Prickett's* and *SSR's* dismissal of complaints that did contain these exact allegations. *Prickett*, 896 F. Supp. 2d at 244 (alleging that OAC "conducted due diligence . . . that such due diligence turned up many of the warning signs [of Madoff's fraud]" and that OAC "appointed certain individuals to be directors on Tremont's board of directors").

payments (OAC Br. at 20), and makes only the flimsy argument that OAC was unjustly enriched "to the extent" that OAC profited from the alleged fraudulent activity.  Opp. at 35.  This argument falls woefully short of alleging any "specific and direct benefit" received by OAC or that OAC actually ever received any of the purported "improper fees."  *See Prime Mover Capital Partners, L.P. v. Elixir Gaming Techs., Inc.*, 793 F. Supp. 2d 651, 679 (S.D.N.Y. 2011) (dismissing unjust enrichment claim for failure to allege a "direct benefit" to defendant).

Moreover, even if Plaintiff's speculation that OAC *may have* profited sufficed as an allegation of a benefit received by OAC (which it does not), Plaintiff simply does not and cannot allege that such benefit in any way was connected to any fees Plaintiff paid to New York Life pursuant to its insurance policy.  *See* OAC Br. at 20.  Absent a well-pled allegation that OAC benefitted at its expense, Plaintiff's unjust enrichment claim must fail.  *In re Bayou Hedge Funds Inv. Litig.*, 472 F. Supp. 2d 528, 532 (S.D.N.Y. 2007) (unjust enrichment claim dismissed where plaintiffs failed to allege defendant received any fees that "belonged to or came from plaintiffs").

## CONCLUSION

For the foregoing reasons, as well as those set forth in its opening brief, OAC respectfully submits that its motion to dismiss the Third Amended Complaint should be granted, and that the claims against it should be dismissed in their entirety and with prejudice.

Dated:  May 9, 2013

DECHERT LLP

By: /s/ David A. Kotler
David A. Kotler
david.kotler@dechert.com
902 Carnegie Center, Suite 500
Princeton, New Jersey 08540
Tel.: (609) 955-3200
Fax: (609) 955-3259

*Attorneys for Defendant Oppenheimer Acquisition Corp.*

10