UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| IN RE TREMONT SECURITIES LAW, STATE LAW and INSURANCE LITIGATION | : : : : | Master File No.: 08 Civ. 11117 (TPG) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

| | | |
|---|---|---|
| This Document Relates To: | : : | ECF CASES Electronically Filed |
| State Law Actions, 08 Civ. 11183 (TPG) | : | |
| Securities Actions, 08 Civ. 11212 (TPG) | : | |
| Insurance Actions, 09 Civ. 557 (TPG) | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### TREMONT'S REPLY MEMORANDUM OF LAW
### ON REMAND FROM THE SECOND CIRCUIT


SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Partners, Inc.,
Tremont Group Holdings, Inc.,
Tremont (Bermuda) Limited,
Tremont Capital Management, Inc.,
Rye Investment Management,
Robert I. Schulman, Rupert A. Allan,
Harry Hodges, James Mitchell,
Lynn O. Keeshan, Patrick Kelly,
Stephen Thomas Clayton, Stuart Pologe,
Cynthia J. Nicoll and Darren Johnston

Pursuant to this Court's Order dated October 29, 2013 (Dkt. 875), Tremont respectfully submits this reply brief to further address the scope of the Release.[1]

## ARGUMENT

## THE RELEASE DOES NOT BAR THE $80,000 CLAIM

The parties to the Investor Settlement have made their position clear and unequivocal: the Release does not bar the $80,000 Claim. This should be good news for Objectors; the parties agree that the Release poses no impediment to *Objectors'* purported $80,000 Claim. Yet, even in the face of this concession, Objectors continue to advance an array of confusing, conflicting and erroneous arguments, all to attempt to convince the Court that *their* claim *is* barred.[2]

One naturally wonders why Objectors argue so strenuously against their own economic interests. What matters though is that there is no rational explanation for their insistence on waging a contrived battle over the parties' intent or rehashing the same "non-Madoff" arguments rejected by this Court when it denied Objectors' Rule 60 Motion.[3] See In re Tremont Secs. Law,

---

[1] Capitalized terms not defined herein are defined as set forth in the opening brief Tremont previously submitted to this Court on November 12, 2013 (Dkt. 889).

[2] Another paradox is the contention in Objectors' brief that if the parties to the Investor Settlement are correct and the $80,000 Claim falls outside the Release, the claim is time-barred in any event. (See Haines Br. (Dkt. 898) at 14.) If Objectors sincerely believe the $80,000 Claim is stale, they should withdraw their objection to the Investor Settlement based on the purported release of that claim. In reality, the $80,000 Claim accrued in September 2011, at the earliest, the date as of which the Market Neutral Funds issued financial statements recording a probable obligation to make settlement payments to the Trustee. Consequently, the three-year limitation period applicable to the $80,000 Claim under CPLR 314 is far from over.

[3] Objectors apparently find license to re-plow this ground in a passage from the Second Circuit's Summary Order stating that, while the matter has been "fiercely" disputed, "it is clear that [Objectors] together lost approximately $80,000 of their non-Madoff investments in that manner," *i.e.*, through payment to the Trustee from "that portion of the Tremont Funds (three quarters) that was not invested in the Rye Funds." In re Tremont Secs. Law, State Law & Ins. Litig., No. 11-3899, 2013 WL 5763184, at *1 (2d Cir. Oct. 25, 2013). That passage reflects the undisputed fact that the Market Neutral Funds did not use cash stolen by Madoff to settle with the Trustee. If, as Objectors appear to contend, it is a finding that the cash never was invested with Madoff – *i.e.*, a finding as to the fact that *was* fiercely disputed – the passage would be dictum given that, among other things, the record on appeal did not

State Law & Ins. Litig., 08 Civ. 11117, 2013 U.S. Dist. LEXIS 30006 (S.D.N.Y. Mar. 1, 2013).

Perhaps more to the point, Objectors have no legitimate excuse for further taxing the resources of

this Court or wasting the assets of Tremont by prolonging a faux debate over a manufactured

controversy.  By litigating in this fashion, Objectors have unreasonably and vexatiously multiplied

these proceedings in violation of 28 U.S.C. § 1927.

## <u>CONCLUSION</u>

For the reasons stated above and in Tremont's opening brief, Tremont respectfully

requests that the Court enter the previously submitted stipulation and proposed order confirming

the parties' intent regarding the scope of the Release.

Dated:   New York, New York
         December 3, 2013

Respectfully submitted,

/s/ Seth M. Schwartz
Seth M. Schwartz (Seth.Schwartz@Skadden.com)
Jason C. Vigna (Jason.Vigna@Skadden.com)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Defendants
Tremont Partners, Inc., Tremont Group Holdings, Inc.,
Tremont (Bermuda) Limited,
Tremont Capital Management, Inc.,
Rye Investment Management, Robert I. Schulman,
Rupert A. Allan, Harry Hodges, James Mitchell,
Lynn O. Keeshan, Patrick Kelly, Stephen Thomas Clayton,
Stuart Pologe, Cynthia J. Nicoll and Darren Johnston

---

contain the record evidence placed before this Court in connection with Objectors' Rule 60 Motion.
Indeed, Objectors sought leave to supplement the record on appeal with that evidence, but the Second
Circuit denied that application.  (See Mot. To Supplement Record on Appeal (attached to the
accompanying supplemental transmittal declaration of Jason C. Vigna ("Supp. Trans. Decl.") as Ex. E);
Nov. 21, 2012 Order (Supp. Trans. Decl. Ex. F).)